Hair Judge —
 

 I am not disposed to disturb the case of
 
 Johnson
 
 v.
 
 Martin,
 
 in 3
 
 Murph.
 
 248. In the incipient
 
 *88
 
 stage of a prosecution before an examining magistrate» much less grounds of suspicion will induce him to bind over the accused for farther trial, than will warrant ei-^¡ier £¡íe grand jury to find á true bill, or the petit jury to convict; and when the accused is discharged because a sufficient ground of suspicion has not been established against him, I can see no" reason why such discharge should not furnish
 
 prima facie
 
 ground for an action against the prosecutor. If there was probable cause for the prosecution, and owing to any unforeseen accident it had not been made to appear before the magistrate, he may show it in his defence. I therefore think a new trir al should not be granted on account of the first exception taken to the Judge’s charge.
 

 As to the second exception, which relates to the rejection of evidenco offered by the defendant, I am of bpinion it ought to have been received. Evidence in this action may be offered for two purposes; 1st, as an item in the defence when the plea of justification is relied upon; 2d* for the purpose of mitigating the damages, when a complete defence cannot be made out. When it is offered for the first purpose, it would be improper that it should relate to the plaintiff’s character subsequent to the time when the prosecution commenced, because a knowledge of the plaintiff’s bad character after that time ought not to be considered as a justification of what the defendant did before he. acquired that knowledge. But if the plaintiff’s character was had before the commencement of the prosecution, evidence of it might be given, because that bad character, added to other circumstances, might be such a reasonable ground ot suspicion as to induce a person, not governed by malicious motives, to take out a warrant to apprehend the person suspected; but a person who possessed a fair character, although in other respects similarly situated, might not be considered so fit a subject for a public prosecution. It certainly requires stronger circumstances of suspicion to commence a prosecu-
 
 *89
 
 lion against a man of good character, than against amah of bad character. In this view of the case, character before the commencement of the prosecution may be gone into; but however bad it may be afterwards, it can be no justification of what was done before.
 

 But supposing the defendant to fail in his plea of justification, the next question is, as to the quamusA of Ji-ra ages. There is no exact rule by which they can oe measured, as in case of debt or assumpsit; but the inquiry of the jury must be directed to all the circumstances of the case, in order, as well as they can, to fix upon a rule. In order to ascertain the amount of injury done, they may inquire into the character of the person who complains that he has sustained the injury. If his character is good, tire damages ought to be greater; if his character is bad, he certainly, has not so much cause to complain, and the damages ought to be smaller. In this view of the case, I think the testimony ought to have been received as to the •character of the plaintiff. I will illustrate what I have observed by a familiar case. Suppose a man indicted for a malicious prosecution, the jury, whose province it is only to bring in a verdict of guilty or not guilty, ought not to hear evidence of the bad character of the person supposed to be maliciously prosecuted, after the prosecution commenced, because that would be no justification for the prosecution; but if the same evidence went to character before the prosecution, they ought to hear it, for that, added to other circumstances, might be a justification, but the Court, when they fixed the fine, provided it was to go into the pocket of the injured party instead of the public treasury, might inquire into character both before and after the prosecution.
 

 I will make another remark in this case. If the evidence which the defendant wished to offer in this case, originated from the prosecution which turned out to be malicious, the damages ought on that account to be in
 
 *90
 
 creased; if it spring from other sources unconnected with they ought to be diminished.
 
 * J *
 

 Henderson, Judge, concurred with Judge Haix in granting a new trial.
 

 Tayior, Chief Justice,
 

 on one point differed with his brethren, and gave his opinion as follows:
 

 This is an application for a new trial, on two grounds, viz. ofjnisdirection of the Court in point of law; and the rejection of evidence offered by the defendant as to the plaintiff’s character.
 

 1. The principal ground of this action is, that a legal prosecution was carried on without aprobable cause, and this must be expressly proved, and cannot be implied; hut when this is established, malice is generally inferred from it; and both are necessary to support the action.
 

 It was said, in the case of
 
 Johnson
 
 v.
 
 Martin,
 
 that a discharge by a magistrate after a full and fair hearing of the evidence, was a strong indication of the want of probable cause; and the position was then thought to be so obvious as to require neither authority nor argument for its support. (3
 
 Murph.
 
 248.)
 

 It is yet believed to be correct, since, in the absence of particular evidence of the manner in which the magistrate dischared his duty, it must be presumed, that he acted in the ordinary and legal maner; and that, upon examining the evidence in the case, he discharged the plaintiff, under a belief that the suspicion entertained of him was wholly groundless.
 

 The duty of a magistrate on such an occasoin is thus described:
 
 “
 
 If, upon inquiry, it manifestly appears that no such crime has been committed, or that the suspicion entertained of the prisoner was wholly groundless, in
 
 such cases only,
 
 it is lawful totally
 
 to
 
 discharge him, otherwise he must be committed to prison, or give bail.” (4
 
 Bl.
 
 296.)
 

 
 *91
 
 It is the general usage with us, not to discharge the accused, unless it appears that there is no probable ground to suppose him guilty, and in that case the discharge by the magistrate is lawful. The modern practice by magistrates in England has never been adopted here, nor is it by any means called for by the frequency or enormity of crimes. There a magistrate does not usually discharge the accused, unless it appear in the clearest manner that the charge is malicious as well as groundless. (1
 
 Chitty, Cr. L.
 
 89.) Our practice obtains in some of the sister states; for where a person was arrested and brought before a magistrate on a charge made by another of a suspicion of
 
 felony,
 
 and the
 
 justice
 
 being satisfied that the suspicion was groundless, discharged him. It wTas held that an action for malicious prosecution would lie against the accuser; and that a magistrate, if he be satisfied that there is no cause for a commitment, may discharge the party accused. (2
 
 Johns.
 
 203.)
 

 It is said to he a bad rule that will not work both ways. Let us apply this test to the inquiry, what would be the effect of the magistrate’s committing a person accused of felony, or binding him in a rocognizance to answ'er the charge? Clearly in an action brought against the accuser for a malicious prosecution, he might adduce thfe as
 
 pri-ma fade
 
 evidence of the existence of probable cause; and this, unrepelled by evidence on the part of the plaintiff, would be
 
 sufficient
 
 evidence, even in a case where the plaintiff had been acquitted on his trial in Court. It would,, be competent for the plaintiff, to introduce any other evidence to disprove the probable cause, which the magistrate’s proceedings proved; but these, unanswered, or answered only by the subsequent acquittal of the plaintiff on his trial, would show7 that the defendant had probable cause for the prosecution; from the legal presumption, that magistrates and courts are indifferent, and without malice, as to the accused. (4
 
 Mun.
 
 465.)
 

 For these reasons, I am of opinion that evidence of a
 
 *92
 
 discharge by the magistrate, shows the want of probable cause. But it does not preclude the defendant from pro- „ _ , , , „
 
 ..
 
 ving that he had probable grounds of prosecution; nor, as jj. seems> ¿¡oes the law exact from him the proof of legal grounds for the prosecution: for it will be sufficient to excuse him, if it appear from the circumstances of the case, that he really believed the party to be guilty, and was actuated by an honest anxiety to bring him to justice.
 
 (Cro. Jac.
 
 193.)
 

 2. On the other question relative to the rejection of the evidence as to the plaintiff’s character, it is important to view, in connexion, the grounds and principles of this action,
 
 for malicious prosecution,
 
 and the rules of evidence as to an inquiry into character.
 

 A very accurate writer on the laws of evidence, in treating on this action, states,-that the defendant under the general issue may justify the proceedings against the plaintiff, and show that he had a probable cause for instituting them. If the charge against him was for felony, the defendant will be allowed in his defence to give evidence of the general bad character of the plaintiff; for in this case, when the point in issue is, whether the defendant acted from malice, and without probable cause, it is material to inquire into the situation of the parties, and Whether the defendant had any reasonable ground for suspecting the’plaintiff. Now the notoriety of the plaintiff’s character for dishonesty, is a circumstance of suspicion not to be disregarded. (2
 
 Phil. on Ev.
 
 115. 2
 
 Esp.
 
 720. 2
 
 Stark.
 
 69.)
 

 According to this rule, evidence, as to the plaintiff’s character, is admissible only as throwing light upon the question of probable cause; and I have found no authority applicable to this
 
 form
 
 of action, authorizing its admission in mitigation of damages.
 

 But in this case the evidence offered was as to the plaintiff’s character after the warrant was sued out against him; yet as it was proved to be good before that period,,
 
 *93
 
 and furnished no probable ground of justification for the defendant’s conduct, it is impossible that any could be derived from its subsequent falling off. Such evidence could have no tendency to throw any light upon the questions in issue, in the cause; and its only effect could be to mitigate the damages. But I am not prepared to say, in the absence of authority enforcing a different rule, that a man who was maliciously, and without probable cause, brought before a magistrate on a charge of felony, at a time when his character was good, ought to recover less damages, because after that charge, and possibly in consequence of it, his character had contracted some opprobrium. My own opinion is to affirm the judgment.
 

 By a majority of the Court,
 

 JUDGMENT REVERSED.