### JONES v. WILMINGTON AND WELDON RAILROAD CO.

(November 20, 1900.)

1. *Judgment—When Supreme Court will reverse judgment of Court below—Issues—Special Verdict.*

The Supreme Court will not reverse the judgment of the trial court, where issues were submitted to the jury, and a verdict rendered, unless the verdict was a special one.

2. *Appeal—Premature—Exception.*

An appeal from the refusal of the trial court, to dismiss an action in accordance with an opinion of the Supreme Court, is premature.

3. *Probable Cause—Malicious Prosecution—Preliminary examination before Justice of the Peace—Waiver.*

The voluntary waiver of a preliminary examination before a Justice of the Peace is an admission of probable cause.

DOUGLAS, J., dissenting *arguendo.*

CIVIL ACTION by William Wright Jones against the Wilmington and Weldon Railroad Company, heard by Judge *Henry R. Bryan,* at May Term, 1900, of CUMBERLAND Superior Court. From refusal of trial court to sign judgment

dismissing the action, defendant appealed.    For opinion, see
125 N. C., 227.

*N. A. Sinclair, W. A. Stewart,* and *Douglass & Simms,* for
plaintiff.

*George M. Rose,* for defendant.

MONTGOMERY, J.    At the September Term, 1899, of this
Court, a decision was made in this case, and the opinion
duly certified to the Superior Court of Cumberland County.
In that opinion, for errors in certain instructions, given by
his Honor in the Court below, a new trial was ordered.
The action was begun by the plaintiff to recover damages
against the defendant for malicious prosecution.    The plain-
tiff had waived examination before the Justice of the Peace,
and had given bond for his appearance at Court.    His Honor
refused to instruct the jury, unqualifiedly, at the defend-
ant's request, that the waiving of the preliminary examina-
tion before the Justice of the Peace was *prima facie* evidence
of probable cause.    It appearing to this Court, that from the
whole of the evidence the waiver of the preliminary exami-
nation by the plaintiff was voluntary, it was decided that
that act was a confession of probable cause, so far as the ac-
tion of the defendant in procuring the warrant for his arrest
was concerned, and this Court further said that the waiving
of the examination before the Justice was fatal to the plain-
tiff's cause of action.    At the next term of the Superior
Court, after the opinion of this Court had reached the Su-
perior Court, a judgment of dismissal of the plaintiff's ac-
tion was tendered to his Honor for his signature, and his
Honor refused to sign it, and the defendant appealed.    In
our opinion in this case, delivered at the Fall Term, 1899,
we did not undertake to reverse the judgment of the Court
below.    That course is never followed when issues have been

submitted to the jury. and a verdict rendered, unless the verdict is a special one.   We did intend, however, to intimate that, when the case was called again for trial in the Superior Court, the jury should be instructed, under our decision, that they should answer the issue against the plaintiff's claim ; the presumption being, of course, that the plaintiff's evidence on the waiver of the examination before the Justice of the Peace, and his giving bond for his appearnce at Court, was true. But the appeal was premature, and must be dismissed.   The defendant should have noted its exception, and gone on with the trial of the case.

Appealed dismissed.

DOUGLAS, J., dissents from the opinion only *arguendo.*