## BURNEY v. ALLEN.

(December 22, 1900.)

*Wills—Probate—Opinion Evidence.*

> Upon trial of an issue of *devisavit vel non* it is competent to introduce evidence that, from the personal knowledge of witnesses of the room and the location of the furniture, the testator could have seen the subscribing witnesses as they signed the will, if the testator was lying in the position testified to by other witnesses on the trial.

FAIRCLOTH, C. J., and FURCHES, J., dissenting.

. . . CIVIL ACTION by Sarah O. Burney, Sophia D. Evans, Emiline F. King against Edna Allen, Henry N. Allen, A. M. McNeill, Executor of Henry Allen, heard by Judge H. R. Bryan and a jury, at March Term, 1900, of BLADEN Superior Court. From judgment for defendants, the plaintiffs appealed.

J. B. Schulken, and D. J. Lewis, for the plaintiffs.
C. C. Lyon, for the defendants.

DOUGLAS, J.   This was an issue of devisavit vel non, on the trial of which the will was sustained.   There were two exceptions to the failure of his Honor to give the prayers of the caveators, but, as one of them was simply a prayer for a direction of the verdict, and the other was given in the charge substantially as far as it should have been given, we see no error in the refusal of the Court.   The only remaining exceptions are those stated in the record as follows:   "The propounders then introduced one Taylor, and asked him the following questions, to-wit:   'Question 1. Did you go to the house where they say Henry Allen died?'   (The caveators objected to this question.   His Honor overruled the objection, and the caveators excepted.)   The witness then answered, 'I did.'   (The caveators objected to this answer. His Honor overruled the objection, and the caveators excepted.) 'Q. 2. Did you hear the witnesses testify here to-day as to the position Henry Allen was in at the time the witnesses signed the will; and from what the witnesses testified, and from your knowledge of the room, could Henry Allen have seen the witnesses and the paper-writing at the time the witnesses signed the same?'   (The caveators objected to this question. His Honor overruled the objection, and the caveators excepted.)   The witness Taylor then testified, under objections, as follows:   'I have been to Allen's house recently. : I

measured the room, and it is seventeen feet long and fourteen feet wide. I have heard the witnesses testify as to Allen's position in the bed, and, from my knowledge of the room, Allen could have seen the witnesses and the paper. I laid on the bed. If the witnesses were between Allen and the table, he could not have seen the paper. I went to Allen's house last Friday. Jones, Devane, and C. C. Lyon were there with me.' (The caveators objected to this testimony. Objection overruled. Caveators excepted.) The propounders then introduced one Marshall Pait as a witness, and asked him the following questions: 'Question 1. Did you hear the witnesses here to-day describe the position of the bed on which Allen was lying, and where the witnesses to the paper-writing were at the time they signed the papers and from what the witnesses testified, and from your knowledge of the room, could Henry Allen have seen the witnesses and the paper-writing at the time the witnesses signed it?' (Caveators objected to this question. His Honor overruled the objection, and the caveators excepted.) The witness Pait then testified, under objection, as follows: 'I have heard the witnesses describe the position of the bed and where the witnesses to the paper-writing were at the time they signed the paper, and, from my knowledge of the room, Allen could have seen the paper when it was subscribed by the witnesses. If the witnesses were between Allen and the table, he could not have seen the paper. I went there yesterday.' (The caveators objected to this testimony. His Honor overruled the objection, and the caveators excepted.)" The ground given for the exceptions is that this testimony amounted simply to the witnesses' expressing their opinion as to the essential fact to be proved. The issue is the proper execution of the will—a mixed question of law and fact. While the testimony of these witnesses strongly tended to prove the

issue, it was in itself rather a statement of fact than an expression of opinion. What the witnesses evidently intended to say, and what they did say substantially, is, that from their personal knowledge of the room and its furniture, if the testator were lying in the position testified to by the other witnesses, he could, as a matter of fact, have seen the subscribing witnesses when they signed the will. This was not expert testimony, and involved no question of technical or scientific knowledge. It was equivalent to saying, from their personal knowledge of the room, that a person lying in a certain position on a bed in a certain part of the room could see certain other persons in another designated part. This is rather the statement of a physical fact than the expression of a theoretical opinion, and seems clearly to come within the rule laid down in *Arrowwood v. Railroad Co.,* 126 N. C., 629, 632. As we see no substantial error in the trial of the action, the judgment is affirmed.

FAIRCLOTH, C. J., dissents.

FURCHES, J. (dissenting). I can not concur in the opinion of the Court. I think it is too plain for argument that a witness can not be allowed to do the work of the jury. The issue to be tried was whether the paper propounded was the last will and testament of Henry Allen, and the question involved was whether it was witnessed in his presence. The propounders, for the purpose of showing that it was, asked one Taylor, "Did you hear the witnesses testify here to-day as to the position Henry Allen was in at the time the witnesses signed the will; and from what the witnesses testified, and from your knowledge of the room, could Henry Allen have seen the witnesses and the paper-writing at the time the witnesses signed the same?" This was objected to, but allowed, and the caveators excepted. Witness Taylor then

testified, under objection, as follows: "I have been to Allen's house recently. I measured the room, and it is seventeen feet long and fourteen feet wide. I have heard the witnesses testify as to Allen's position in the bed, and, from my knowledge of the room, Allen could have seen the witnesses and the paper." This evidence was based upon what the witnesses testified to as to Allen's position, and as to the place where the paper was signed. Taylor was not present when the paper was signed, and could not know the position of Allen, nor where the paper was when it was signed, except by the testimony of the witnesses that were there when it was signed. And to give the opinion he did he was compelled to pass upon the truth of the witnesses that had testified. If he had been an expert, he could not have done this, and the question and answer would have been improper. Indeed, it seems to me that the opinion of the Court in effect admitted that it was incompetent. This, I think, appears by the following sentence in the opinion: "What the witnesses evidently intended to say, and what they did say, substantially, is that from their personal knowledge of the room and its furniture, if the testator were lying in the position testified to by the other witnesses, he could, as a matter of fact, have seen the subscribing witnesses when they signed the will." This is putting a construction on the evidence that I think is not justified. But this construction does not cure the objection. It still leaves the witness's (Taylor's) opinion to rest upon what the other witnesses had testified to.