PEEBLES v. GRAHAM.

(Filed May 6, 1902.)

ON PETITION for rehearing. Petition dismissed. For former opinion and headnotes thereto, see *Peebles v. Graham,* 128 N. C., 222.

*Winston & Fuller,* and *Shepherd & Shepherd,* for the petitioner.
*Graham & Graham,* and *Manning & Foushee,* in opposition.

FURCHES, C. J.    This is a petition to rehear a case decided at February Term, 1901, and reported in 128 N. C., 222. The facts may be found in the case then reported; and as we are of the opinion that it was correctly decided when here before, and as we see no reason for sustaining the petition to rehear, it will be dismissed.

While the review of the case, in considering the petition to rehear, has led us to believe that we might strengthen the opinion as written before with additional authorities, we are

content to let it stand as then written, and will only undertake to answer such of the objections or reasons assigned in the petition as seem to merit our consideration.

The first of these seems to be the introduction on the trial of a map made by Ramsey, and not signed by Lyon, the other surveyor. Lyon seems to have been examined as a witness, and he testified that he helped to make the survey, and it seems would have continued to act but for the fact that the plaintiff wrote him not to do so, and says that Ramsey asked him to do so—that the map contains matter that he does not know of. We suppose this is because the plaintiff stopped him from going on with Ramsey until the survey was ended. But he does not contradict anything in the map, and says the lines seem to be stated correctly. We do not think the plaintiff should have objected to the map simply because Lyon did not sign it. The map was competent for the purpose of aiding the jury to understand the location of the land and to show more clearly the *locus in quo,* and that was all it was used for. It might have been considered, in degree, higher evidence if Lyon had signed it, but still it was competent for the purpose for which it was used. *Justice v. Luther,* 94 N. C., 793.

But the plaintiff further complains, and assigns it as a ground of error, that during the progress of the trial, under the direction of the Judge, there was written in red ink under the word "Alston," "as claimed by defendant." The map was a very large one, containing more than a dozen tracts or boundaries of land, and this was done to further identify the land in dispute; and we can not see that it prejudiced the plaintiff, or that it could have had that effect. It seems to us that it was calculated to aid the jury, and not to confuse or mislead them. These matters were not overlooked by the Court in considering the case when here before, but were not considered of sufficient materiality to deserve a separate discussion, as we have not the time to discuss what we consider immaterial matters in the case.

We think there was other evidence tending to sustain the defendant's contention—for instance, that of Benehan Cameron. But we did not refer to it in the opinion for the reason we did not think it necessary to do so, as we thought the location and description given, or pointed out in the will, were sufficient to show that the land claimed by the defendant was intended to be and was given to him. We undertook to show this by the authorities cited for that purpose, and we are satisfied with that part of the opinion.

While the errors assigned in the petition are not treated separately and in the order stated, we think what has been said, in substance, covers them all, and the petition will be dismissed. *Weathers v. Borders,* 124 N. C., 610; *Capehart v. Burrus, Ibid.,* 48; Clark's Code, page 945—"Judgment will not be reversed on a rehearing, when."

Petition dismissed.

CLARK, J., did not sit on the hearing of this case.