JONES v. WILMINGTON AND WELDON RAILROAD COMPANY.

(Filed October 14, 1902.)

1. FORMER ADJUDICATION—*Appeal—Rehearing.*

Where a matter of law has been decided by the supreme court it can be reviewed only on a rehearing, and can not be again questioned in the same case on a subsequent appeal.

2. PROBABLE CAUSE—*Malicious Prosecution—Preliminary Examination—Waiver.*

The voluntary waiving of a preliminary examination before a committing magistrate is *prima facie* evidence of probable cause, which may, however, be rebutted.

ACTION by W. W. Jones against the Wilmington and Wel-
don Railroad Company, heard by Judge *Frederick Moore* and
a jury, at March Term, 1901, of the Superior Court of CUM-
BERLAND County. From a judgment for the defendant, the
plaintiff appealed.

*N. A. Sinclair,* for the plaintiff.
*Geo. M. Rose,* for the defendant.

DOUGLAS, J. The essential facts are thus stated in the
report of this case in 125 N. C., 227, when it was before us
for the first time: "The plaintiff, William Wright Jones,
was arrested upon a State warrant sworn out by a detective
of the defendant, upon a charge of breaking the insulators
and rocking the railroad train of the defendant. The plain-
tiff was arrested by a constable at his home near Dunn, was
handcuffed in presence of his mother and family, bail offered
and refused, and was taken to Fayetteville and lodged in
jail. The next day he was admitted to bail by the Justice,
and waived a preliminary examination, the *State* not being
ready, and was bound over to Court. The grand jury failed
to find a true bill, the plaintiff was discharged and prosecution
ended. The plaintiff testified that he was not guilty of the
charge imputed to him. Henry Smith, upon whose informa-
tion the detective testified he had acted in swearing out the
warrant, was sworn, and testified that he gave the detective
no such information, and had never seen the plaintiff break
the insulators or rock the train."

When this case was first heard, the point being directly
before us, this Court held, in 125 N. C., 227, third syllabus,
that "The voluntary waiving of the preliminary examination
before the Justice of the Peace is *prima facie* evidence of
probable cause." Again, on page 232, the Court assigns as
error that "His Honor refused to instruct unqualifiedly the

jury, at the defendant's request, that the waiving of the preliminary examination before the Justice of the Peace was *prima facie* evidence of probable cause." From this there was no dissent, and by the unanimous opinion of this Court it became *res judicata,* the law of the case. It is well settled that when a matter of law has been once decided by this Court, it can be reviewed only on a rehearing, and can not be again questioned in the same case upon any subsequent appeal. *Pretzfelder v. Ins. Co.,* 123 N. C., 164, 44 L. R. A., 424; *Hendon v. R. Co.,* 127 N. C., 110; *Shoaf v Frost,* 127 N. C., 306; *Wright v. Railroad,* 128 N. C., 77; *Kramer v. Railroad,* 128 N. C., 269; *Setzer v. Setzer,* 129 N. C., 296.

In *Pretzfelder v. Ins. Co., supra,* this Court uses the following words on page 167: "The proposition to rehear a case by raising the same points upon a second appeal can not be entertained."

In *Illinois v. Railroad,* 184 U. S., 77, 93, the Supreme Court of the United States, in apparently its latest utterance upon the subject, says: "Every matter embraced by the original decree of the Circuit Court, and not left open by the decree of this Court, was conclusively determined, as between the parties, by our former decree, and is not subject to re-examination upon this appeal." It then proceeds to quote with approval as follows: "In *Roberts v. Cooper,* 20 How., 467, 481, the Court said: 'On the last trial, the Circuit Court was requested to give instructions to the jury contrary to the principles established by this Court on the first trial, and nearly all the exceptions now urged are founded on such refusal. But we can not be compelled on a second writ of error in the same case to review our own decision on the first. It has been settled by the decision of this Court that, after a case has been brought here and decided, and a mandate issued to the Court below, if a second writ of error is sued out, it brings up for revision nothing but the proceed-

ings subsequent to the mandate. None of the questions which were before the Court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation. In Chancery, a bill of review is sometimes allowed on petition to the Court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes in its members. * * * We can now notice, therefore, only errors as are alleged to have occurred in the decisions of questions which were peculiar to the second trial.' To the same effect are numerous cases, some of which are cited in the margin." We have quoted at length from that opinion because it seems to be the latest decision of that Court upon the subject.

When this case was again before us (127 N. C., 188), the appeal was dismissed as being premature. Therefore, there was nothing before us to decide. It is true, the Court, inadvertent to the scope of its former decision, proceeded to state what it had then intended to "intimate," but such intimation was neither intended to have, nor could have, the effect of reversing a material point decided upon the former appeal.

While this point is settled as to this case, it seems proper that we should more fully express our views, on account of the importance of the question, and the long and careful consideration we have given it on this appeal. We do not find any case in our Reports directly in point; but, from analogy to our own decisions and direct authorities from other States, we are clearly of the opinion that the voluntary waiving of a preliminary examination before a committing magistrate is *prima facie* evidence of probable cause, which may, however, be rebutted by any other competent evidence. In

other words, we do not see why the mere waiver of examination should have any greater effect than a finding by the magistrate that there was probable cause upon an examination of the testimony.

From the earliest times this Court has held that (quoting from the syllabus in *Johnston v. Martin,* 7 N. C., 248) : "In an action for a malicious prosecution, the dismissal of a State's warrant by the magistrate who tried it, is *prima facie* evidence of the want of probable cause, and throws upon the prosecution the burthen of proving that there was probable cause." *Bostick v. Rutherford,* 11 N. C., 83; *Johnson v. Chambers,* 32 N. C., 287; *Smith v. B. and L. Asso.,* 116 N. C., 73.

In *Griffis v. Sellars,* 19 N. C., 492, 31 Am. Dec., 422, this Court, speaking through Chief Justice Ruffin, says: "It is settled in this State that a discharge by the examining magistrate imports that the accusation was groundless. If the magistrate commit, of if the grand jury find a bill, it has never been doubted that, in law, that is evidence of probable cause, and calls for an answer from the plaintiff as to the particular circumstances; which imposes it on the plaintiff to go into the circumsances in the first instance. It is true, that in these cases the evidence is deemed *prima facie* only. \* \* \* After conviction, however, the evidence rises in degree, and is conclusive." That was an action on the case for malicious prosecution where the plaintiff had been convicted in the Superior Court, but obtained a new trial on appeal. It was held that his conviction was conclusive evidence of probable cause, but nowhere do we find in this State that anything less than *conviction* is conclusive.

In other jurisdictions we can find but one case tending to sustain the contention of the defendant that the waiver of examination is conclusive. That single case is *Van Sickel v. Brown,* 68 Mo., 627, an ill-considered opinion that will

not bear analysis. The following extract from page 636 will show how utterly unreliable it is: "In the case of *Brandt v. Higgins,* Judge Napton, speaking for the Court, said : 'The magistrate and the grand jury have the very question of probable cause to try ; the evidence on the side of the prosecution alone is examined, and the proceeding is entirely *ex parte.* Under such circumstances, the refusal of the examining tribunal to hold the accused over to trial, must necessarily be very persuasive evidence that the prosecution is groundless.' On the other hand, it has been held that a commitment of the plaintiff is *prima facie* evidence of probable cause (citing cases). If the finding of the magistrate on the facts proved before him makes a *prima facie* case, surely waiving an examination and voluntarily entering into recognizance amount to a confession by the accused that there is probable cause. *Vide State v. Railey,* 35 Mo., 168." This is a clear *non sequitur*, but let us examine the only case cited as authority for such a conclusion. What the Court really does say in Railey's case is as follows, on page 172 : "The justice's docket, though not showing an adjudication by the justice, shows an actual admission of the defendant that the crime had been committed, and not merely that there was probable cause to believe him guilty of it; but a *direct and unequivocal admission of his guilt."* We have underscored the words to show the force and extent of the miscitation. Of course if the plaintiff Jones had "unequivocally admitted his *guilt,"* such an admission of guilt would have included an admission of probable cause.

Against this single opinion, evidently written *currente calamo,* we have several well considered cases. The rule is thus laid down in 19 Am. & Eng. Enc. (2nd Ed.), 664 : "The waiver of preliminary examination by a party chaged with crime has been held to raise a *prima facie* presumption of probable cause for the prosecution." In *Schoonover v.*

*Myers*, 28 Ill., 308, the Court says, on page 312: "The first question of law which is presented arises upon the fact that when the plaintiff was brought before the magistrate upon the prosecution, for the institution of which this action was brought, he waived an examination and voluntarily gave bail for his appearance at the Circuit Court. This, it is insisted, was an admission at least of such a probability of guilt as to preclude him from ever after saying that the prosecution was maliciously instituted. We do not think so. Such a course may often be judiciously advised, when the party is not only innocent in fact, but known to be so by the prosecutor. At least, this course should have no more influence than would the finding of the magistrate upon a hearing of the evidence, that there was probable cause, and binding the party over for his appearance, or committing him."

In *Hess v. Banking Co.*, 31 Oregon, 503, the Court says, on page 505: "In other words, the waiver of an examination is tantamount in law to a finding by the magistrate that there is sufficient cause to believe the defendant guilty, and the authorities are substantially agreed that such a finding is not conclusive, but only *prima facie* evidence of probable cause, which may be overcome by competent evidence on the trial, and that an allegation in the complaint of a want of probable cause is a sufficient averment for the admission of such proof. *Railway Co. v. Hendricks*, 13 Ind. App., 10, and authorities there cited."

In *Brady v. Stiltner*, 40 West Va., 289, it is said that "the waiver of a preliminary examination by a person charged with crime is *prima facie* evidence of probable cause." In that case Holt, president, dissents in a forceful and elaborate opinion, maintaining that the waiver of a preliminary examination, being merely the exercise of a lawful right, is not even *prima facie* evidence of probable cause.

The following citations will show that our decision in

this case is not an extreme view of the law, as other juris-
dictions have gone beyond it.    In *Barber v. Scott,* 92 Iowa,
52, it is held that "a *conviction* of plaintiff, though obtained
without fraud and without false testimony on the part of
prosecutor, is *not conclusive* of probable cause for the prose-
cution complained of, but such conviction establishes probable
cause, unless overcome."    In *Miller v. Railway Co.,* 41 Fed.
Rep., 898, it was held that where, on examination, the justice
commits, and the grand jury fail to find an indictment, the
action of one merely offsets, neutralizes or destroys the
other, so as to render both or either of them valueless to es-
tablish a *prima facie* case either for or against the plaintiff,
thus leaving the want of probable cause to be established by
other testimony.

For the reasons above stated, we adhere to our decision that
the waiver by the plaintiff of a preliminary examination is
only *prima facie* evidence of probable cause, which may be
rebutted by other competent testimony.

Error.