O. M. BRITT v. CAROLINA NORTHERN RAILROAD COMPANY.

(Filed 25 May, 1908).

1. Evidence, Explanatory—Models.

A model may be used by a witness to illustrate his evidence, and when not admitted to be correct it is to be taken in connection with his evidence, and as such to be passed upon by the jury.

2. Damages—Evidence, Competent—Mental Anguish, Present and Prospective.

Mental suffering arising from a physical injury inflicted is a proper element of damages; and testimony of the injured party that, resulting as an immediate and necessary consequence and a part of his mental suffering, he knew he could never be well again, and that it nearly broke his heart to know he would be a cripple for life, is competent.

3. Evidence—Expert Evidence—Opinion, What is Not.

Testimony of a witness concerning a physical fact peculiarly within his own knowledge is not objectionable as expert evidence from a witness who was not legally qualified as an expert.

4. Same.

It is competent for a nonexpert witness to testify that, and to explain why, a double chain would have been safer for the plaintiff to do the work within his employment than a single one which was being used by him at the time of the injury, as being within his own knowledge and observation.

5. Same—Safe Appliances—Harmless Error.

When the testimony of a nonexpert witness is objected to on the ground that it is opinion evidence, and it appears that it was competent upon the question of showing whether a certain appliance furnished by an employer to an employee with which to do his work is approved and in general use, the error, if any, committed is harmless.

6. Evidence—Exceptions, When Taken.

When it appears that the testimony objected to could have been sustained as that of an expert, objection that the witness did not qualify as such should have been taken on the trial at the time.

7. Appeal and Error—Former Decision—Rehearing.

A matter of law determined on appeal will not again be heard on another appeal in the same case. The proper procedure is upon a petition to rehear.

---

BRITT *v.* RAILROAD.

8. **Instructions, Special—General Charge.**

There is no error when the special instructions given are correct when read in connection with the general charge.

9. **Instructions, Special—Facts Involved.**

Prayers for special instructions are erroneous which ask the court to find facts or direct the findings of the jury upon the question of contributory negligence in favor of defendant, upon whom is the burden of proof.

10. **Appeal and Error—Evidence—Exceptions, When Taken.**

Exceptions taken on the trial, but which are neither in the assignment of error nor grouped at the end of the case on appeal, nor mentioned in appellant's brief, are deemed as abandoned in the Supreme Court.

ACTION tried before *Jones, J.,* and a jury, at September (Special) Term, 1907, of ROBESON.

Defendant appealed.

*Meares & Ruark, McIntyre, Lawrence & Proctor, R. E. Lee* and *E. M. Britt* for plaintiff.

*McLean & McLean* for defendant.

CLARK, C. J. This case was here on a former appeal (144 N. C., 242), in which the facts, substantially the same as now, are fully stated, and can be referred to without repeating them here.

There were fifty exceptions taken at this trial, of which exceptions 1, 3, 7, 12, 20, 35, 39, 46, 47, 48, 49 and 50 are abandoned, not being in the assignment of errors grouped at the end of the case on appeal. Exceptions 11, 13, 21, 22, 23, 24, 25, 26, 27, 34, 35, 36, 37, 38 and 39 are abandoned, either expressly in the appellant's brief or by not being mentioned therein. Rule 34 of this Court, 140 N. C., 666. The remaining twenty-three exceptions can be considered under a very few heads. It would much facilitate the argument and decision of causes if counsel would always thus carefully go over the exceptions, taken out of abundant caution during the trial, and eliminate all except those which on reflection are deemed vital, and thus concentrate their argument and our attention on the pivotal points of the case.

Exception 2, that the plaintiff was allowed to use a model to illustrate his evidence, cannot be sustained. It is like an unofficial map or diagram used by a witness, not as substantive evidence, but "for the purpose of enabling the witness to explain his testimony and enabling the jury to understand it." For this purpose maps, diagrams, models and photographs have been allowed in both criminal and civil actions. *State v. Wilcox,* 132 N. C., 1135; *Peebles v. Graham,* 130 N. C., 262; *Riddle v. Germanton,* 117 N. C., 387. These have often been sent up to this Court to enable us to better understand the testimony in the record and the arguments of counsel. Indeed, it seems this same model was used in the argument here on the former appeal and on this, and its use has been helpful to us, as it must have been to the jury, and, indeed, to counsel themselves in expressing their contention. Except when the map or model is agreed upon as correct, it must be taken only as a part of the testimony of the witness, for what it is worth.

Exceptions 4 and 19 are to the admission of evidence of mental suffering and an instruction to the jury that it was an element of damages if the plaintiff had been injured by the negligent conduct of the defendant. The charge on this point is a copy of that approved in *Clark v. Traction Co.,* 138 N. C., 78; *Wallace v. Railroad,* 104 N. C., 442. Mental suffering accompanying physical injury has always been held a proper element of damages to be considered by the jury. *Walker v. Railroad,* 131 N. C., 536; *Smith v. Railroad,* 130 N. C., 304. The defendant objects because the witness stated as part of his mental suffering that he knew he could never be well again, and that it almost broke his heart to know that he would be a cripple for life. This, however, is a part of the suffering, like the physical suffering, the decreased earning capacity, the cost of nursing and medical attention, which are a part of the "present and prospective loss" resulting from the injury, and the immediate and necessary consequences thereof.

Exception 5 is that the witness was asked to state "whether or not, in your opinion, you could have straightened the log on the skid, before it fell and hurt you, by the use of your cant hook, if the team had not started when it did and, as you say it did, without warning." The witness replied that he could. The answer was also excepted to. This was the statement of a physical fact peculiarly in the knowledge of the witness, of a matter which he saw ·with his own eyes and to which his attention was acutely drawn. The weight to be given to his testimony was for the jury, but they were entitled to have it to weigh. It was not an expression of a theoretical opinion, nor an inference from facts stated by others. He spoke of his own knowledge and experience. In *Arrowood v. Railroad,* 126 N. C., 632, it was held competent for witness to state that, having seen the light cast by the headlight of an engine at a certain point on the track, the engineer could have seen a man lying on the track. This was held a matter of common observation, not requiring expert evidence. Here the witness occupied the same position as if the engineer himself had testified in the *Arrowood case.* In *Raper v. Railroad,* 126 N. C., 565, it was held "clearly competent" to ask a witness: "If the roadbed beneath the rail and guard rail had been filled to within two inches of the top rail, would it have been possible for the shoe to have been caught in the rail?" In *Burney v. Allen,* 127 N. C., 476, it was held competent for a witness who had personal knowledge of a room and the location of its furniture to testify whether the testator, lying in a position testified to by other witnesses, could have seen the subscribing witnesses at the spot testified to. All these matters of physical facts are not "opinion evidence," in the legal sense of that term. They are not theoretical nor conclusions drawn by inference, but statements of facts from personal observation, and hence also they are not "expert" evidence.

Exceptions 6 and 8 are that the witness was allowed to state that the "V" chain or double chain would be safer than

the single chain; and exception 9 is that he gave as a reason for the double chain being safer: "Because we put one on each end of the log, and then there is no chance for the log to get away; one end may be heavier and larger than the other, but the chain will keep it up." 5 Encyc. Ev., 654, summarizes the decisions thus: "The exception to the general rule that witnesses cannot give opinions is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning, but it includes the evidence of common observers testifying the results of their observations made at the time in regard to common appearances, facts and conditions which cannot be reproduced and made palpable to a jury," citing, among other cases, *State v. Edwards,* 112 N. C., 901. This is a clear statement of a well-settled principle, and is a common-sense restriction which keeps the wise general rule as to "opinion" and "expert" evidence from degenerating into absurdity. Numerous cases are cited in the plaintiff's brief in support of this proposition, and many others can be added, but it is not necessary to cite them. There are no cases in our Court to the contrary. In *Cogdell v. Railroad,* 130 N. C., 313, it was held, two Judges dissenting, that it was incompetent for the witness to state that if the plank had been sound and not rotten it would have borne a man of Cogdell's weight with safety. On rehearing, the former opinion was reversed (132 N. C., 852), though not on this point. While that case is different from this, in that it was not shown that the witness had common observation of the weight planks would bear, we are inclined to doubt if it should be followed; but at any rate it is not a precedent against the ruling of the Judge in this case. Besides, the testimony in this case could be sustained as that of an expert, and it is too late now to object that the witness did not qualify as an expert. His evidence showed that he was. Moreover, the test was not whether the double chain was safer than a

single one (almost a self-evident proposition), but whether the single chain was in general use; and if the admission of the evidence had been erroneous it would have been harmless error.

Exception 10 was as to an impeaching question asked a witness, and needs no discussion.

Exceptions 14, 15, 16 and 21 present the question as to the liability of the company and whether the plaintiff was its employee. This was fully discussed in the former opinion (144 N. C., 242), which held favorably to the plaintiff. The court below followed the opinion of this Court in its instructions submitting that question to the jury, and we will not hold that it erred in so doing. The jury, under a charge in accordance with our ruling, has found this fact with the plaintiff. The defendant, if dissatisfied, should have applied for a rehearing of our opinion. In *Holley v. Smith,* 132 N. C., 36, it was held that a matter of law determined on appeal will be reviewed only on a rehearing, and cannot be again brought in question by another appeal in the same case. To same effect *Jones v. Railroad,* 131 N. C., 133; *Best v. Mortgage Co., ib.,* 70; *Perry v. Railroad,* 129 N. C., 333; *Setzer v. Setzer, ib.,* 296; *Hendon v. Railroad,* 127 N. C., 110.

Exceptions 28, 29, 30, 31, 32 and 33 are to special instructions given at request of the plaintiff. When read in connection with the general charge, we find in them nothing of error.

Exceptions 40, 41, 42, 43 and 44 are to the refusal of certain prayers of defendant. They were properly refused, except so far as covered in the general charge, because they asked the court to find the facts and, further, to direct the finding of an issue in favor of the defendant, on whom rested the burden of showing contributory negligence.

Exception 45 is to the refusal of a prayer which, so far as it was proper, was substantially given in the charge.

All the other exceptions were abandoned, as heretofore stated.

After full and careful consideration of the entire record, and with the aid of a very able argument on both sides, we find

No Error.