S. G. MORRIS AND MAGGIE MORRIS, HIS WIFE, v. R. L. LAMBETH.

(Filed 14 December, 1932.)

**Evidence K b—Admission of opinion, based on observation, as to cause of break in dam held not error in this case.**

In this case the question involved was whether the defendant's dam had been negligently constructed and maintained, and the defendant offered as a witness the foreman who had constructed the dam who testified as to its construction and that he had examined it after the break, the witness was then allowed to testify that he had an opinion satisfactory to himself as to the cause of the break and that the break was caused by some manner of explosion: *Held*, the opinion evidence was competent under the rule that common observers may testify to the results of their observations made at the time in regard to common appearances, conditions, etc., which cannot be reproduced and made palpable to a jury.

CIVIL ACTION, before *Finley, J.,* at July Term, 1932, of RANDOLPH.

The plaintiffs alleged and offered evidence tending to show that on 28 February, 1929, they were owners of certain lands, and that on said date a dam, erected by the defendant on lands owned by him and adjoining the lands of plaintiff, broke, flooding about forty acres of bottom land and otherwise damaging the property of plaintiffs. It was alleged that the dam was negligently constructed and maintained, and that by reason thereof the break resulted, occasioning the injury complained of.

The defendant alleged and offered evidence tending to show that the dam was properly constructed and maintained.

The issue of negligence was answered in favor of defendant, and from judgment upon the verdict the plaintiff appealed.

*H. M. Robins for plaintiff.*
*I. C. Moser for defendant.*

PER CURIAM. The defendant offered the testimony of a witness who was the foreman in charge of the work of constructing the dam. He testified in detail as to the construction of the dam, and that on the day after the break he examined it. Thereupon he was asked if he had an opinion, satisfactory to himself, as to the cause of the break, and replying in the affirmative, stated that the break was caused by some "manner of explosion." The witness further testified as to the facts observable in and about the broken dam upon which his opinion was based. The plaintiff objected to the testimony, and assigned the admission thereof by the trial judge, for error. This testimony is within

the principle approved in *Britt v. R. R.,* 148 N. C., 37, 61 S. E., 601, as follows: "The exception to the general rule that witnesses cannot give opinions is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning, but it includes the evidence of common observers testifying the results of their observations made at the time in regard to common appearances, facts and conditions which cannot be reproduced and made palpable to a jury." This statement of law was approved in *Marshall v. Tel. Co.,* 181 N. C., 292, 106 S. E., 818.

The merits of the controversy involve an issue of fact, and the verdict is determinative.

Affirmed.