JOSEPH WADE PETERSON v. WILLIAM H. JOHNSON, EXECUTOR, ESTATE OF MAYBELLE JONES, DECEASED

No. 7510SC553

(Filed 18 February 1976)

1. Automobiles § 53— crossing center line of highway — sufficiency of evidence of negligence

In an action to recover for personal injuries sustained by plaintiff in an automobile collision with defendant's testatrix, the trial court properly submitted the case to the jury upon plaintiff's evidence that he was driving in his lane when defendant's testatrix, who was traveling in the opposite direction, pulled out into his lane and collided head-on with his vehicle, since a plaintiff makes out a *prima facie* case of actionable negligence when he offers evidence tending to show that the collision occurred when defendant was driving to his left of the center of the highway.

2. Witnesses § 8— scope of cross-examination

The trial court did not err in refusing to allow defendant to cross-examine the patrolman who investigated the accident regarding a statement made at the scene by an eyewitness to the collision, since the eyewitness had not yet testified, nor was it error for the court, after the eyewitness testified that he could not remember what he had told the patrolman, to require defendant to call the patrolman as his own witness if he desired to question him further.

3. Rules of Civil Procedure § 26— doctor residing in another county — use of deposition proper

The trial court in an action for personal injuries did not err in allowing the use of the deposition of a doctor who had treated plaintiff in lieu of the doctor's actual testimony, since the court found that the doctor resided outside the county where the trial was held. G.S. 1A-1, Rule 26(d)(3)(iii).

4. Evidence § 50— expert medical opinions — use of deposition proper

The trial court properly allowed into evidence opinions by a doctor who had treated plaintiff as those opinions were expressed in the doctor's deposition.

5. Damages § 13; Evidence § 40— injured employee — earnings — testimony of employer proper

In an action to recover for personal injuries sustained in an automobile accident, the trial court did not err in allowing plaintiff's employer to testify concerning amount of overtime put in by plaintiff, number of pay increases since the date of the accident for top truck drivers, comparison of plaintiff's pay with that of other truck drivers, his inability to use plaintiff as a truck driver since the accident, and the amount of salary plaintiff had lost since the accident due to his inability to drive a truck and make extra hours, since this information was obtained by the witness through compilation of work records, payroll records, and his own personal knowledge.

**6. Evidence § 42— testimony that automobile tilted — shorthand statement of fact**

The trial court in an action arising from an automobile accident did not err in allowing a witness to testify that "the car pulled to its left over the center line, went back in, tilted as if it had hit the shoulder," since the testimony was admissible as a "shorthand" statement of fact.

APPEAL by defendant from *Brewer, Judge*. Judgment entered 6 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 17 October 1975.

In this civil action plaintiff seeks damages for personal injuries sustained in a two vehicle collision in which plaintiff was injured and defendant's testatrix was killed. The collision occurred at about 11 a.m. on 26 May 1971 on U. S. Highway 264 at a point where the highway is laned for two-way traffic. Plaintiff, driving his employer's GMC truck, was traveling westwardly, and defendant's testatrix, driving her Buick automobile, was traveling eastwardly. Plaintiff alleged that defendant's testatrix negligently pulled her automobile to her left and into the westbound lane of the highway when she was in such close proximity to the truck driven by plaintiff that he had no opportunity to pull off the roadway and avoid a head-on collision. Defendant denied his testatrix was negligent and alleged contributory negligence on the part of the plaintiff.

Plaintiff's evidence indicated that he was traveling westwardly in his right-hand west-bound lane of the highway within the speed limit at about 45 miles per hour when he met a group of cars traveling eastwardly; that the last car in the line, driven by plaintiff's testatrix, pulled out to its left of the center of the highway when it was about 100 to 150 feet in front of him; that he slowed down and pulled to his right; that the car driven by defendant's testatrix again crossed the center line when it was about 50 feet from him; that he again pulled to his right, but the collision occurred nevertheless; and that the collision occurred in the westbound lane of the highway. Plaintiff also presented evidence as to his injuries and loss of earnings.

Defendant presented no evidence. Issues as to defendant's negligence and plaintiff's damages were submitted to the jury, which answered the issues in favor of the plaintiff. From judgment on the verdict, defendant appealed.

Peterson v. Johnson

*Nance, Collier, Singleton, Kirkman & Herndon by James R. Nance and Jordan, Morris and Hoke by John R. Jordan, Jr. for plaintiff appellee.*

*Bailey, Dixon, Wooten, McDonald & Fountain by Wright T. Dixon, Jr. and John N. Fountain for defendant appellant.*

PARKER, Judge.

[1]  Defendant assigns error to denial of his motions for directed verdict and for judgment notwithstanding the verdict, contending that plaintiff's evidence was insufficient to show negligence on the part of defendant's testatrix. We hold that the motions were properly denied. "When a plaintiff suing to recover damages for injuries sustained in a collision offers evidence tending to show that the collision occurred when the defendant was driving to his left of the center of the highway, such evidence makes out a *prima facie* case of actionable negligence." *Anderson v. Webb*, 267 N.C. 745, 749, 148 S.E. 2d 846, 849 (1966). The case was properly submitted to the jury.

[2]  During testimony of Patrolman Rogers, who investigated the accident, defendant sought to cross-examine him regarding a statement made at the scene of the accident by one Patterson, who was an eyewitness to the collision but who had not yet testified. Plaintiff's objection was sustained. Later, Patterson was called and testified for the plaintiff. On cross-examination he testified that he had talked with the patrolman at the scene of the accident but he did not recall exactly what he had told him. At the conclusion of Patterson's testimony, defendant requested that he be permitted to further cross-examine Rogers. The Court denied the request and ruled that if defendant did further question Rogers, it would be as his own witness. Defendant did not call Rogers. Defendant now contends that in these rulings the Court committed error. We do not agree.

Statements made by the witness Patterson to the patrolman would not have been admissible as substantive evidence of the facts stated therein. Evidence concerning them would have been admissible only for the consideration of the jury in determining Patterson's credibility as a witness. 1 Stansbury's N. C. Evidence (Brandis Revision) § 46. Hence, testimony concerning them was not admissible until Patterson testified and the trial judge properly sustained plaintiff's objection when defendant first sought to cross-examine the patrolman concern-

ing them, since Patterson had not then testified. Later, after Patterson testified, evidence of any prior inconsistent statements made by him would have been admissible as bearing on his credibility. However, if defendant desired to present such evidence, the court's rulings merely required that he present Rogers as his own witness if he desired to use his testimony to show prior inconsistent statements made by Patterson. Defendant elected not to present any evidence, as was his right. He may not now justly complain that he was not permitted to offer evidence of his own, under the guise of cross-examination, in the midst of the presentation of plaintiff's case against him. See, *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386 (1967).

[3]  Defendant objected to the use of the deposition of Doctor Keranen at trial, in lieu of his actual testimony, since the deposition indicates that the last observation of plaintiff by the doctor was a full 18 months prior to its use at trial. G.S. 1A-1, Rule 26(d)(3)(iii), provides for use of deposition at trial if the court finds that the deponent is a physician who either resides or maintains his office outside the county where the trial or hearing is held. Upon plaintiff's motion to use this deposition at trial, the Court examined an affidavit of Dr. Keranen and allowed use of the deposition, having determined that the physician resides in Cumberland County. Furthermore, in the order on pre-trial conference filed 18 July 1974, plaintiff stated that Dr. Keranen had been deposed and his deposition would be offered at trial in the event he could not appear. We find the admission of this deposition to have been proper.

[4]  Defendant also contends that opinions by Dr. Keranen as presented in his deposition should not have been read to the jury in the absence of his qualification as an expert witness. Upon ruling on the initial admissibility of the deposition the court stated: "Let the record show that the Court finds as a fact that Dr. Victor Keranen is a medical doctor specializing in neurological surgery and practices his profession in the City of Fayetteville." In his deposition Dr. Keranen testified: "I am a practicing physician in the city of Fayetteville. I got my M.D. degree at Duke. I interned at that hospital. My residency was at the University of Vermont in neurological surgery. I have practiced neurological surgery for the past 3½ years." Qualification of a witness to testify as an expert in the particular matter at issue is a matter primarily within the discretion of the trial judge whose determination is ordinarily conclusive unless based

upon insufficient evidence or unless an abuse of discretion is shown. 3 Strong, N. C. Index 2d, Evidence, § 48, p. 678. "In the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness." *State v. Perry*, 275 N.C. 565, 572, 169 S.E. 2d 839, 844 (1969). We find the admission of this opinion testimony to have been proper.

Defendant assigns as error the action of the court in sustaining objection to the question, directed by defendant's counsel to plaintiff during cross-examination, "Were you ever convicted of failing to yield right of way resulting from an accident on March 18, 1968?" Although such a question may have been proper as seeking to elicit evidence tending to establish poor driving habits on the part of plaintiff, we can find no prejudicial error in the Court's sustaining the objection, since the question was nevertheless answered by the plaintiff, who testified that he did not recall having been in an accident on March 18, 1968.

[5]   Defendant contends that plaintiff's employer, Perry, was allowed to give opinion evidence without being qualified as an expert. Mr. Perry testified as to the following: amount of overtime put in by plaintiff, the number of pay increases since May 1971 for top truck drivers, comparison of plaintiff's pay with other truck drivers, his inability to use plaintiff as a truck driver since 26 May 1971, and the amount of salary plaintiff had lost since 26 May 1971 due to his inability to drive a truck and make extra hours. This information was obtained by Perry through compilation of work records and payroll records and his own personal knowledge. A nonexpert witness may testify as to facts within his own knowledge and observation. 3 Strong, N. C. Index 2d, Evidence, § 40, p. 664. That Perry estimated plaintiff's loss in salary by comparison with the salary of another employed on the same basis, and not from official records and books, does not make such evidence inadmissible, especially in light of the fact that defendant was given ample opportunity to cross-examine. See, *Smith v. Corsat*, 260 N.C. 92, 131 S.E. 2d 894 (1963).

[6]   Defendant contends the court erroneously admitted opinion evidence by a nonexpert witness in the testimony of Patter-

son. Patterson testified that "[t]he car pulled to its left over the center line, went back in, tilted as if it had hit the shoulder." A nonexpert witness is permitted to describe facts observed by him in the form of a "shorthand" statement; that is, he may give his opinion as to common appearances, facts, and conditions in such a manner to enable a person who is not an eyewitness to form an accurate judgment as to what actually occurred. *Morris v. Lambeth,* 203 N.C. 695, 166 S.E. 790 (1932). The word "tilted" as used by the witness was a descriptive term utilized to aid the jury's comprehension of the event which was observed and as used was competent.

Defendant assigns error to portions of the court's instructions to the jury. We have examined each of these, and find no prejudicial error.

In the trial and in the judgment appealed from, we find

No error.

Judges BRITT and CLARK concur.