STATE OF NORTH CAROLINA v. PAUL DAVID MOOSE

No. 7726SC958

(Filed 2 May 1978)

1. **Criminal Law § 73.2— facts within personal knowledge—no hearsay testimony**

In a prosecution of defendant for the willful presentation of a false and fraudulent insurance claim, an independent insurance agent could properly testify with respect to the insurance contract in question, since such testimony did not extend beyond his personal knowledge and observation of the facts so as to render his testimony incompetent or hearsay.

2. **Criminal Law § 81— insurance contract and proof of loss forms—photostatic copies admitted—best evidence rule inapplicable**

In a prosecution of defendant for filing a fraudulent insurance claim, photostatic copies of the insurance contract, defendant's claim form, and proof of loss forms were not improperly admitted because they failed to comply with the best evidence rule, since the matters sought to be proved by the documents were collateral to the contents or terms of each document and non-production of the original documents was therefore excused.

3. **Criminal Law § 169— failure of record to show excluded testimony**

The court on appeal cannot hold that the exclusion of evidence is prejudicial where the record does not show what the testimony would have been had the witness been allowed to answer.

4. **Criminal Law § 71— trailer serial number tampered with—shorthand statement of fact**

In a prosecution of defendant for filing a fraudulent insurance claim on a boat, motor and trailer, the trial court properly allowed a non-expert witness to give an opinion in the form of a shorthand statement of fact with respect to the appearance of serial numbers on the trailer.

5. **Criminal Law § 80— testimony about insurance policy—competency of witness to testify**

In a prosecution of defendant for filing a fraudulent insurance claim, defendant's contention that the vice president in charge of claims of the insurance company which wrote the policy was incompetent to testify because he had no authority to issue or approve insurance policies is without merit, since the witness testified that he was familiar with and had access to the records of the insurance company.

APPEAL by defendant from *Baley, Judge.* Judgment entered 21 July 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 March 1978.

Defendant was charged with the willful and knowing presentation of a false or fraudulent claim upon a contract of insurance in violation of G.S. 14-214. The State's evidence tended to show that defendant went to the offices of Archie L. Hargett, an independent insurance agent, on 22 April 1976 and asked Mr. Hargett to obtain insurance coverage for a 1973 Chrysler boat, serial number 1758723, a 1973 Mercury motor, serial number 948586, and a 1966 Moody trailer, serial number 662546, owned by defendant. Mr. Hargett telephoned the information to Strickland Insurance Brokers (hereinafter referred to as Strickland), an agent for Northwestern Insurance Company (hereinafter referred to as Northwestern), and Strickland bound insurance coverage of the boat, motor and trailer with Northwestern. Northwestern issued policy BOP 3072 to defendant providing coverage for one year, 22 April 1976 to 22 April 1977, and sent a copy of the policy to Mr. Hargett.

The State's evidence further tended to show that in June, 1976 defendant transferred title to the insured property to Estus Wayne Bryson. Later that month, defendant paid Mr. Bryson $50.00 to transport the boat, motor and trailer to City Auto Sales in Rock Hill, South Carolina, where Carl Bobo purchased them for $1,500.00. Mr. Bryson signed the bill of sale, but did not receive any part of the $1,500.00, which was kept by defendant.

On 30 August 1976, defendant went to Mr. Hargett's office and stated he wanted to file a claim because his boat had been stolen. Mr. Hargett obtained proof of loss forms from Northwestern, and on 8 October 1976, defendant submitted a proof of loss claim to Northwestern for $3,732.56, the alleged amount of loss resulting from the theft of his boat, motor and trailer.

In October, defendant contacted Mr. Bryson and told him the boat had been reported as stolen, but it had been found in Statesville. Defendant further instructed Mr. Bryson that if the police asked any questions, he should show the police the bill of sale, deny defendant's ownership and say he purchased the boat from another man.

Defendant's evidence tended to show that Carl Bobo paid the $1,500.00 to Estus Wayne Bryson and not to defendant. Also, Mr. Bobo testified that at no time did he see Mr. Bryson and defendant together in Rock Hill. Defendant's wife and daughter testified

that they saw the boat and rode in it subsequent to the date of the sale of the boat by Mr. Bryson to Mr. Bobo. Nathaniel Jackson, an employee of Carl Bobo, testified he was familiar with defendant's boat and the boat sold by Mr. Bryson to Mr. Bobo was not defendant's boat.

From a verdict of guilty as charged and a sentence of three years in prison, defendant appeals.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for the State.*

*Haynes, Baucom, Chandler and Claytor, by W. J. Chandler, for defendant appellant.*

WEBB, Judge.

[1] Defendant contends in his first assignment of error that Archie L. Hargett was not competent to testify as to the contract of insurance between defendant and Northwestern Insurance Company. He argues that the only witnesses competent to testify as to the contractual relationship between defendant and Northwestern are Northwestern or its agent, Strickland Insurance Brokers. His rationale is that Mr. Hargett as broker of the policy had no authority to act as agent for Northwestern and thus, absent the intermediary agent Strickland, Mr. Hargett had no power to procure an insurance policy with Northwestern. *See* G.S. 58-39.4(b). We hold Mr. Hargett was a competent witness to testify about the insurance contract. As a general rule, non-expert witnesses are competent to testify as to facts within their own knowledge and observation. *Peterson v. Johnson,* 28 N.C. App. 527, 221 S.E. 2d 920 (1976). It was not necessary that Mr. Hargett have the authority to contract directly with Northwestern, vis a vis, the power to broker the policy in order to be a competent witness. Mr. Hargett had first-hand knowledge of what property was to be insured; that Strickland had bound coverage with Northwestern, and in fact, had received a broker's copy of policy BOP 3072 issued to defendant by Northwestern. Testimony given by Mr. Hargett relating to the insurance contract did not extend beyond his personal knowledge and observation of the facts so as to render his testimony incompetent or hearsay.

[2] Defendant next challenges the introduction of State's Exhibits 1, 2, 3, 4 and 5 on the basis that their admission into evi-

dence violated the best evidence rule. He contends that it was improper to admit the exhibits, which were photostatic copies of the original documents, without first accounting for the failure to produce the originals. *See State v. Anderson*, 5 N.C. App. 614, 169 S.E. 2d 38 (1969). We hold that the best evidence rule is not applicable to the admission of exhibits in this case. It is well settled that the best evidence rule does not apply "to writings when their contents are not in question or when they are only 'collateral' to the issues in the case . . .", 2 Stansbury's N.C. Evidence, § 190 (Brandis Rev. 1973). The contents or terms of the exhibits introduced were not in issue in this case as would be necessary before the rule could properly be invoked. The State sought to prove: (1) that the defendant had entered into an insurance contract with Northwestern providing coverage for a certain boat, motor and trailer, exhibit 1, broker's copy of the insurance policy; (2) that a claim was made upon this policy for the loss of property insured under the contract, exhibit 2, police report, exhibit 3, claim form, and exhibits 4 and 5, proof of loss; and (3) that the claim made was false. The terms of the insurance contract, police report, claim form and proofs of loss were not in controversy. The matters sought to be proved by the writings were collateral to the contents or terms of each document and therefore, the nonproduction of the original documents was excused.

[3] In his third assignment of error, defendant asserts that he was prejudiced by the exclusion of testimony relating to the existence of civil litigation filed by him against Northwestern. On cross-examination, defendant asked E. C. Dean, a Northwestern claims adjuster, if he recalled the attorney for defendant saying that he would institute civil suit against Northwestern. The State objected to the question and the objection was sustained. The record does not disclose what the testimony would have been had Mr. Dean been permitted to answer. Even assuming that the question propounded by defendant on cross-examination was proper, we are not allowed to go further and predict what response the witness would have given. We cannot hold that the exclusion of evidence is prejudicial where the record does not show what the testimony would have been had the witness been allowed to answer. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342 (1955); *State v. Robinson*, 280 N.C. 718, 187 S.E. 2d 20 (1972).

[4]   Defendant also objects to the testimony of a boat repairman, William Armstrong, on the grounds that questions directed to Mr. Armstrong concerning the appearance of serial numbers on the trailer called for conclusions or opinion testimony by a non-expert witness. Mr. Armstrong testified that the numbers appeared to have been double stamped and that the second number 6 appeared to have a ball peen hammer mark. We hold that the testimony of Mr. Armstrong was properly admitted. Lay witnesses may give opinions in the form of shorthand statements of facts observed where the facts on which the opinion was based cannot practically be described so that a jury can understand them and draw their own conclusions. 1 Stansbury's · N.C. Evidence, § 125 (Brandis Rev. 1973); *see Steele v. Coxe*, 225 N.C. 726, 36 S.E. 2d 288 (1945); *Peterson v. Johnson, supra.*

[5]   In defendant's seventh and eighth assignments of error, he contends that it was improper to admit the testimony of K. W. Duncan, Vice President in charge of claims at Northwestern, relating to the insurance contract between defendant and Northwestern, and that the court further erred by admitting exhibit 19, cover sheet of Boat Owner Policy 3072, and exhibit 20, a standard Northwestern Boat Owner Policy. We disagree. Defendant argues that Mr. Duncan is incompetent to testify about policy BOP 3072 since he (Mr. Duncan) had no authority to issue or approve insurance policies. Mr. Duncan's competency to testify does not depend on his power to contract. Mr. Duncan testified that he was familiar with and had access to the records of the insurance company. We find that a sufficient nexus between the witness and records was shown for Mr. Duncan to testify that policy BOP 3072 insured a Chrysler boat, Mercury motor, and Moody trailer. *See State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975); *State v. Lippard*, 222 N.C. 167, 25 S.E. 2d 594 (1943). Defendant again relies on the best evidence rule in contending that exhibit 19 was improperly admitted by noting that no accounting was made for the State's failure to produce the original. The best evidence rule does not apply where no showing is made that the terms or contents of a document are in controversy. *See* 2 Stansbury's N.C. Evidence, § 190 (Brandis Rev. 1973). As to exhibit 20's introduction into evidence, defendant contends that the policy has no relevance to this suit because it is simply a form of a standard Boat Owner's Policy. He further contends that no foundation was

laid for the exhibit's admission into evidence. Defendant's arguments are specious. Mr. Duncan testified on direct examination of his familiarity and access to company records. He also testified that Northwestern had only one type of boat owner policy, and exhibit 20 was the same or similar to policy BOP 3072. We hold that an adequate foundation and relevance was shown for the admission of exhibit 20 into evidence.

This Court has thoroughly examined the defendant's remaining assignments of error and we find no merit in any of them. We hold, therefore, that defendant has had a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.