## BURKE v KEARNEY

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 6, 1935

Dolle, O'Donnell & Cash, Cincinnati, for plaintiff in error.

David I. Attig, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

The first error assigned is that the court should have sustained the defendant's motion for an instructed verdict on the ground that on the undisputed facts probable cause existed. In oral argument counsel called attention to the charge of the court on probable cause and argued that the court did not discharge its duty by stating—as it did—the legal definition of probable cause and leaving—as it did—to the jury the duty of applying that definition to the facts found by it to have been proven. The court should, so the argument runs, have taken the evidence and from it have stated hypothetically what would constitute probable cause as a matter of fact, leaving to the jury the sole function of determining which hypothesis had been proven. For this position, counsel relied chiefly upon the case of C. H. & D. R. R. Co. v Winnes, 25 C.C. (N.S.) 321, decided by this Court of Appeals in 1916. We shall dispose of this phase of counsel's contention before considering the broader claim that there is no evidence or insufficient evidence of lack of probable cause.

It is true that in the case of C. H. & D. R. R. Co. v Winnes, supra, this court quoted with approval the language of the court in Hess v Oregon Baking Co., 31 Ore., 503, at 512, in which that court did state that in actions for malicious prosecution "the credibility of the evidence, and what facts it proves, are for the jury; but whether such facts do or do not constitute probable cause is a question exclusively for the court." And the court proceeded to state that it was incumbent upon the trial court to per-

form this function by means of hypothetical instructions, so as to withdraw from the jury the ultimate conclusion as to whether the proven facts did or did not constitute probable cause.

An examination of the authorities outside of Ohio leads to the conclusion as stated in 18 R.C.L., 58, that:

"The general rule of the common law, sustained by the overwhelming weight of authority, both in England and America, is that what facts, and whether particular facts, constitute probable cause is a question of law, which the judge must decide upon and the facts found to exist in the particular case, and which it is error for him to submit to the decision of the jury."

In Matson v Michael, L.R.A., (N.S.) 1915 D, (81 Kans. 360) 1, the court held that it was error to leave the ultimate question of probable cause to the jury, and that an instruction defining the meaning of probable cause unless accompanied by a clear and accurate statement of the specific facts which under the circumstances of the particular case, would, if found to exist, be sufficient under the law for that purpose, is erroneous; and, there will be found in the annotation to Matson v Michael, supra, treatment of this subject, and a review of all the cases. The conclusion of the annotator is stated at page 89, as follows:

"The rule that the question of probable cause in an action for malicious prosecution is for the court, and not for the jury, although undoubtedly anomalous in that it substitutes the judgment of the court for that of the jury as to the reasonableness of the defendant's conduct in the light of the admitted or established facts and beliefs is, nevertheless, except in a few jurisdictions, established by the overwhelming weight of authority."

So that it is clear that the rule quoted with approval by this court in C. H. & D. R. Co. v Winnes, supra, is supported by the preponderance of authority outside the state of Ohio. However, as long ago as 1851, the Supreme Court of Ohio passed upon this question in the case of **Ash v Marlow, 20 Ohio, 119.** At 129 and 130, will be found the charge of the trial court in that case, to which exception was taken, and the comment of the Supreme Court thereon. We quote therefrom sufficient to show the question before the court and the court's ruling:

"The charge of the court is contained in bill of exceptions 'C'. The judge gives sundry definitions of the term 'probable cause', as laid down by distinguished jurists, and, then, after directing the jury to ascertain how far the facts are proved, says: 'Apply to them the test, the rule of law which I have laid down to you. Ask yourselves conscientiously'—'Are the facts and circumstances that we have found, so strong in themselves as to warrant an impartial ingenious, and reasonable man, of common capacity, with the caution usually exercised by such a man in the defendant's situation, but not under the influence of any improper motive, to believe the plaintiff guilty of the crime charged against him? If they are sufficient to warrant that belief, in such a mind, that conclusion, when deliberately arrived at by you, will terminate your labors; and you will return to this court your verdict of not guilty.'

* * *

"We have examined this whole charge with some care, and really can see no just cause for complaint by either party.

* * *

"There is no force in the objection that the judge did not instruct the jury that the facts relied on by defendants below, did, or did not amount to probable cause. 'Probable cause' is a mixed question of law and fact; and if the facts are contested, the court must leave them to the jury with instructions as to what is 'probable cause'."

The opinion in the case of C. H. & D. v Winnes, supra, was handed down on May 8, 1916; on July 3, 1916, the Court of Appeals of Cuyahoga County handed down an opinion in the case of Pennsylvania R. R. v Hobbs. In that case the trial court instructed the jury as to the meaning in law of "probable cause," and left it to the jury to determine whether under the circumstances proven the defendant did have "probable cause." The charge of the court made no attempt to group the facts which the evidence tended to prove in a hypothetical instruction, but left the question of probable cause to the jury to be determined by it as any other issue of fact. The Cuyahoga County Court of Appeals had before it the sole question of the correctness of this charge, and in affirming the judgment that court said:

'This particular instruction followed the rule laid down by our Supreme Court in **Ash v Marlow, 20 Ohio, 119,** a case which in our former opinion was regarded as stating the law of Ohio applicable to the

issue in hand. The claim now made is—if it is understood—that the charge should have been more concrete, and should have postulated in a hypothetical way the facts, or set of facts from which a conclusion of probable cause, or the want of it, could be deduced."

And the Court of Appeals followed the decision in Ash v Marlow, supra, in affirming the judgment.

Later, on July 21, 1916, the plaintiff in error in that case filed a request that the Court of Appeals certify its record to the Supreme Court of Ohio, on the ground that its decision was in conflict with the judgment pronounced in C. H. & D. R. R. Co. v Winnes, supra, and in the request to certify the plaintiff in error quoted from the opinion of the court in C. H. & D. R. R. Co. v Winnes, that part of its opinion in which it approved of the rule laid down in Hess v Oregon, Baking Co., supra. This request for the certification of the record was granted, and the case was reviewed by the Supreme Court of Ohio. The issue before the Supreme Court was stated in the brief for the plaintiff in error was:

"The sole question is as to the proper manner of charging the doctrine of probable cause in cases of this character. The determination of this court is sought upon which of the following methods is correct —(a) (as held by the Court of Appeals of Hamilton County) grouping in the court's instructions the facts which the evidence tends to prove and then————; or (b) (as held by the Court of Appeals of Cuyahoga County) in defining probable cause and allowing the jury to determine from the evidence as to whether the defense has been made out."

That court passing upon the issue thus stated, affirmed the judgment of the Common Pleas and Court of Appeals in this language:

"Judgment affirmed, on authority of Ash v Marlow, 20 Ohio 119."

See **Pennsylvania Ry. Co. v Hobbs, 96 Oh St, 585,** for the opinion of the Supreme Court; and see records and briefs in the case for the question involved.

We therefore conclude that while there is a conflict in the authorities outside of Ohio upon the subject of whether the issue of probable cause is a question to be determined by the court or the jury, that in Ohio the case of Ash v Marlow, supra, af-

firmed in Pennsylvania Ry. Co. v Hobbs, supra, has settled the question, and that under the law laid down in those cases want of probable cause is an issue of fact to be determined by the jury as any other issue of fact, and that it is not incumbent upon the trial court,—and indeed it would be error—to withdraw from the determination of the jury the ultimate question of probable cause through the medium of the hypothetical instruction grouping the facts which the evidence tends to prove, and leaving the jury the sole question of determining which sets of facts has been established by the evidence.

The charge of the court in the case at bar, on the subject of probable cause, conforms to the requirements of the Ohio rule, and the objection of the defendant thereto is, in the opinion of the court, not well founded.

The plaintiff's condition was brought in question by the accident. While the plaintiff may have violated the law by operating an automobile while intoxicated, and notwithstanding his condition may have had nothing to do with the accident, still, undoubtedly, if the plaintiff without interference by any other person allowed his automobile to leave the road and crash against a telephone pole and culvert, the conclusion would be drawn that the plaintiff was in an abnormal state. Now the defendant knew the circumstances of the accident and the extent to which they reflected upon the plaintiff's condition. The patrolmen did not know that; neither did Dr. Blackerby or the justice of the peace. The defendant saw the plaintiff while he was operating the automobile just before the accident. If the plaintiff operated his automobile in a normal way and the accident resulted without his fault, but through defendant's fault, those circumstances would have to be considered in determining whether the defendant had probable cause. In other words, the facts of the situation and the defendant's personal knowledge of them must be taken into consideration, in addition to what was told him by others, in determining whether he had probable cause. The conduct of the plaintiff before, at, and after the accident, the fact that he admitted drinking some beer, the odor of alcohol, and all other circumstances must be taken into consideration in determining whether the plaintiff was in a state of intoxication. The jury is the proper agency to weigh the evidence and determine this issue of fact.

The next assignment of error is that the court erred in refusing to admit evidence

of conversations between the defendant and the justice of the peace. The question, objection, ruling, and profert were:

"Q. What did Justice Harry McGrew say while you and Mr. Kearney were present?

Mr. Attig: I object.

The Court: Sustain the objection.

Mr. Cash: If permitted to answer, the witness would testify that Justice Harry McGrew told him that in view of the statements made by the officers as to the condition of Mr. Kearney, namely: that he was intoxicated, and in view of the statement made by Doctor Blackerby, he was justified in swearing to an affidavit charging Mr. Kearney with driving his automobile while intoxicated."

While the question assumes that something was said, this was justified by the answers to preceding questions that had been excluded. Those answers show that the defendant talked to the justice before he signed the affidavit.

In addition to excluding this evidence, the court also excluded a statement made by a deputy sheriff to the defendant that "You will have to sign this warrant."

It seems to us that the competency of these statements is fully sustained by the case of **White v Tucker, 16 Oh St, 468.** It was an action for malicious prosecution. The syllabus, so far as relevant, is:

"On the trial of such action, the defendant may prove, as a part of the transaction complained of, tending to rebut malice and to mitigate damages, that, at the time he made the complaint against the plaintiff, he stated to the magistrate all the facts upon which it was based, and, that, upon his assurance that such facts constituted the crime charged in the affidavit, he instituted the prosecution in question."

At page 470, the court said:

"But the statements made at the time the prosecution was commenced, in relation to the subject matter thereof, were part of the transaction complained of; and, as was held in the case of Wilkinson v Arnold, (11 Ind. 45), 'may be regarded as part of the res gestae;' and, therefore, admissible for the 'consideration of the jury in determining the question of malice'."

The elements of an action for malicious prosecution are malice, damage, and absence of probable cause. Therefore, everything tending to show whether defendant acted reasonably or unreasonably, and whether he acted maliciously or in good faith under the honest belief in the plaintiff's guilt was competent. What was said to the defendant and by whom, whether in the presence of the plaintiff or not would tend to prove the reason for his action. We quote further from White v Tucker, supra, at pages 469 and 470:

"Upon this ruling, two questions are made; first, whether it was competent to prove what was said about the guilt of the plaintiff by the defendant and the magistrate, at the time the prosecution complained of was commenced; and, secondly, whether it was competent for the defendant to state, as a witness on the trial, that, when he made the complaint, he believed the charge preferred against the plaintiff to be true.

"As to the first proposition, it may be remarked, that, although the evidence might not be admissible, conformably to the general principle that the defendant may prove that he proceeded in good faith upon the advice of counsel, thereby showing probable cause; still, upon the question of malice and of the mitigation of damages, it was pertinent and relevant."

To the same effect is Kable v Carey, 135 Ark., 137, 12 A.L.R., 1227.

This evidence was admissible and the court erred in excluding it, to the prejudice of the defendant.

Finally, it is contended that the court erred in refusing to give this special charge:

"I charge you that the fact, and it is a fact, as shown by the undisputed evidence that the plaintiff waived examination before Justice of the Peace McGrew is prima facie evidence that there was probable cause for the prosecution against him."

In **25 Ohio Jurisprudence, p. 944,** it is said:

"Waving of examination before the justice of the peace is also prima facie evidence of probable cause."

See also: 18 R.C.L., p. 42.

It was suggested that the justice prejudiced the case, and that that was the reason for waiving examination, but we find nothing in the record that would indicate that he would have decided the case otherwise than upon the merits.

We think the charge should have been given.

For these reasons, the judgment is reversed.

ROSS, PJ, and HAMILTON, J, concur.