Louis Stern, Respondent, *v.* Benjamin Rindeman and Another, Individually and as Copartners Doing Business as Rindeman Salinger Co., Appellants.

First Department, May 1, 1936.

*Chester Mayer* of counsel [*Edward U. Roth* with him on the brief; *Carmody, Roth & Mayer*, attorneys], for the appellants.

*Gustave J. Rosen*, for the respondent.

Per Curiam. Neither malice in instituting the criminal proceeding nor want of probable cause therefor is alleged in plaintiff's suit for malicious prosecution against defendants. This is fatal to the complaint in this cause. The exhibits annexed to the answer and admitted as correct copies of the complaint on the criminal charge and the proceedings at the hearing before the magistrate demonstrate that no evidence was withheld by the complainant then as he did not testify therein nor make more than formal allegations in the complaint. The holding by the magistrate and waiver of examination was *prima facie* a finding of probable cause. Allegations of falsity, concealment of evidence, withholding of exculpatory matter in the magistrate's hearing or in the complaint are essential to the pleading's validity when a plaintiff has been held or indicted on the charge made.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, with notice of entry, upon payment of said costs.

Present — MARTIN, P. J., McAVOY, GLENNON, UNTERMYER and DORE, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.