AVRICK et al. v. ROCKMONT ENVELOPE CO.

Civ. No. 798.

District Court, D. Colorado.

June 15, 1945.

Brock, Akolt, Campbell & Myer, Elmer L. Brock, and John R. Turnquist, all of Denver (Leslie D. Taggart, of New York City, of counsel), for plaintiff.

Edward Miller, Carle Whitehead, and Albert L. Vogl, all of Denver, Colo., for defendant.

SYMES, District Judge.

This matter came on for hearing on June 6, 1945, on defendant's motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and was fully argued. It was heard upon the pleadings, certain admitted exhibits, the affidavits of Franklin H. Tuttle and Leslie D. Taggart, filed on behalf of the plaintiffs, the deposition of Meyer Cohen, one of the plaintiffs, taken by the defendant, and the affidavit of John Perrine, filed on behalf of the defendant. At the conclusion of the discussion the court granted the motion and granted a summary judgment dismissing the complaint. Counsel has asked the court to file a memorandum of its views, which are here contained.

The action is for unfair competition, including trade-mark infringement.

The plaintiffs put up and sell to stores and distributors a lightweight air mail writing paper for sale as air mail stationery, consisting of paper and envelopes, in a distinctive package bearing the trade-mark "Sky-Rite".

The plaintiffs charge the defendant has put out a package of air mail stationery bearing the trade name "Sky Mail," and allege the same to be similar to the plaintiffs' product. That the defendant's label and package are so confusing that the consuming public is likely to and does mistake the defendant's air mail stationery for that of the plaintiffs, and that defendant deliberately intended its product should be passed off on the public as and for the plaintiffs' product.

The prayer is for the usual injunction and accounting.

Defendant pleads a general denial, and affirmatively pleads the term "Sky Mail" is a variant for air mail, and therefore the defendant does not infringe the plaintiffs' trade-mark "Sky-Rite", and that the word "Sky" cannot be claimed exclusively by any one.

Rule 56(c) of the Federal Rules of Civil Procedure provide that such a motion shall be granted if the pleadings, depositions and admissions, together with affidavits, if any, show that except as to the amount of damages, there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. In Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, at page 627, 64 S.Ct. 724, 728, 88 L.Ed. 967, it is said: "The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."

It follows there is but one question to be decided on such a motion, to wit: Is there one genuine issue as to any material fact? If so the motion must be denied.

In Schneider Brewing Co. v. Century Distilling Co., 10 Cir., 107 F.2d 699—a case that went up from this court—it was held that a trade-mark is a right appurtenant to a business or trade in connection with which the mark is employed, and the right to a particular mark grows out of its use. Its function is to designate goods as the product of a particular trader and to protect his good will against the sale of another's product as his. That registration does not create a trade-mark, and is not essential to its validity. And, finally, that the test of "confusion of goods" is whether similitude in the labels would be likely to deceive a purchaser exercising ordinary prudence, and not whether it would deceive a careless buyer who makes no examination.

It is possible in the case at bar to decide the issue by an ocular comparison of the exhibits. In Victor-American Fuel Co. v. Huerfano Agency Co., D.C., 15 F.2d 578 (affirmed 8 Cir., 23 F.2d 74), this court said, page 579 of 15 F.2d:

"A meticulous discussion of the various points of resemblance and difference * * * would serve no useful purpose. The rule is that the infringing label must be likely to deceive the ordinary observer,

exercising ordinary care, and that the eye is the best test of this. When we put the two sets of labels side by side, or observe them the way they would appear in a newspaper, or on the advertising matter put out by the complainant, it is apparent that anyone using the ordinary powers of observation would not be deceived or led to believe they were the same.

"Judge Townsend, formerly of the federal bench, and an authority on the law of unfair trade, has framed the following pertinent inquiry as applicable to these cases: 'Would the ordinary man, using ordinary care, be deceived?' The answer in the instant case must be in the negative."

Defendant's Ex. 6 is a carton containing paper and envelopes put out by the plaintiffs under their trade-mark "Sky-Rite", the contents being a lightweight writing paper and envelopes suitable for air mailing, each sheet or envelope not bearing any trade-mark, etc. The distinctive feature of plaintiffs' trade-mark is a picture or representation of the globe, with an outline of the North and South American continents and the western part of Europe and Africa, and above the same the word "Sky-Rite" drawn in similitude to the vapor or steam sky writing as made by smoke being ejected from an airplane shown in the figure.

The alleged infringing device, Defendant's Ex. 18, for example, is a smaller box than that of the plaintiffs, containing 50 sheets and 25 envelopes with the legend "Sky Mail handipak Stationery For Foreign And Domestic Air Mail", and upon which there is no picture, etc., in addition to the printed matter.

It is rather hard to describe the plaintiffs' trade-mark and that of defendant. The question of whether defendant's package infringes the plaintiffs' and is apt to create confusion in the minds of the public, can only be resolved by putting the two side by side and comparing them. When this is done we think, as Judge Lewis said in Victor-American Fuel Co. v. Huerfano Agency Co., supra, 23 F.2d page 75: " * * * the claim of colorable imitation cannot be sustained on the record. No careful inspection is required to distinguish the trade-marks. Ordinary attention by a purchaser is all that is necessary for that purpose. One who exercises ordinary care and caution could not be misled and deceived

and thus induced to accept" the defendant's box of paper for that of the plaintiffs'. And, as this court said in Century Distilling Co. v. Ph. Schneider Brewing Co., D.C., 26 F. Supp. 936, 937: "The containers and labels of plaintiff and defendant are before us. We fail to see how a prudent purchaser could be confused."

And, at page 938: "It is the careful purchaser that the law is concerned about and not the negligent or indifferent. That means one who buys, after at least, a cursory inspection." See also Judge Phillip's opinion in the above case, on appeal, 10 Cir., 107 F.2d 699, at page 704, and Gorham Co. v. White, 14 Wall. 511, at pages 526, 527, 20 L.Ed. 731.

The deposition of Meyer Cohen—one of the plaintiffs—is nothing more than the bald assertion on his part that in his opinion the defendant's package colorably imitates plaintiffs' labeling and trade-mark. The witness produced Exhibits 12 and 13 as specimens of the defendant's label and trade-mark, which the plaintiffs claim to be a colorable imitation of plaintiffs' labeling and trade-mark, and stated these are the only specimens of the defendant's product which he claims to be colorable imitations of their product. He admits that in plaintiffs' trade-mark there is the figure of an airplane beneath the words "Sky-Rite", and there is no airplane whatever found on defendant's packet. And that the defendant's Exhibit 6—which we have already referred to—is a drawing of the earth in the center, with an airplane flying over it—neither of which features is found on defendant's packet. He further admitted that the only thing in common between the two packets is the word "Sky", and could not point out any other feature of the plaintiffs' and defendant's packet common to both.

Counsel for the plaintiffs admitted they did not claim the plaintiffs' envelopes had been imitated by the defendant, except as to inside markings and that they had no objection to the use on defendant's envelopes of the red, white and blue border, but plaintiff stated when the purchaser buys envelopes they are completely hidden in the box, and he does not see the envelopes and the paper.

Furthermore Mr. Cohen admitted it is just his opinion the products of the plaintiffs and defendant are likely to be mistaken for each other, and that he has no proof of,

nor has he ever made, any attempt to find out whether there had been any confusion between the respective product of the parties.

For the reasons stated the motion for summary judgment is granted and the complaint dismissed with costs.