## WEXLER v. MARYLAND STATE FAIR, Inc., et al.
### No. 5663.

Circuit Court of Appeals, Fourth Circuit.

Nov. 22, 1947.

Richard J. Connor, of Washington, D. C. (Gallagher, Oshermann, Connor and Butler, of Washington, D. C., on the brief), for appellant.

Eben J. D. Cross and J. Nicholas Shriver, Jr., both of Baltimore, Md. (James J. Lindsay, Lawrence Perin, Robert H. Archer and John W. Farrell, all of Baltimore, Md., on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment for the defendants entered upon the pleadings and affidavits in an action to recover the winner's purse in a horse race. The defendants alleged that, although the horse ran first in the race, the purse was not paid because, by order of the Maryland Racing Commission, the horse had been disqualified and the purse had been distributed, upon a realignment of the horses in the race. Affidavits were offered by defendants supporting these allegations and counter-affidavits by plaintiff, the owner of the horse, showing that, following a decision of the Court of Appeals of Maryland in a similar case, Mahoney v. Byers, 186 Md. ——, 48 A.2d 600, a letter had been written by the Commission to the trainer of the horse in question stating that, in view of the decision holding invalid the provisions of the rule under which the trainer's license was revoked, the license was being restored and the Commission was directing that any purses withheld from him be immediately paid. Plaintiff contends that this language referred to the purse sued for in the action.

We think that there are uncertainties of fact in this case which will have to be determined after a hearing at which the parties will be offered an opportunity to present evidence in support of their contentions; and that there was error in entering summary judgment at the present stage of the proceedings. The issues arising upon the pleadings and affidavits are: (1) Whether there was a valid order that the horse be disqualified, (2) whether there was a revocation of this order, and (3) whether, in any event, plaintiff was precluded from suing for the purse under the circumstances of the case. Among the questions that would seem to arise with respect to the determination of these issues are the following: (1) whether the Racing Commis-

sion had authority under the facts of the case to order that the horse be disqualified; (2) whether the said order, if issued by properly constituted authority, was invalid because of the failure to accord the owner of the horse a hearing after due notice; (3) whether, if the order was invalid, the owner on that account may recover in this case; (4) whether if the order was invalid the plaintiff had such timely notice thereof as to enable him by applying to the court for an injunction to prevent the distribution of the purse and whether in such contingency his failure to take such action bars any recovery in this case; (5) whether the plaintiff had notice of the realignment of the horses and the distribution of the purse to another person and acquiesced therein; and (6) whether the letter from the Racing Commission to the trainer of the horse, on which the plaintiff relies, referred to the winner's purse and amounted to a revocation of the order of the Racing Commission by which the horse was originally disqualified, and if so, whether the revocation justifies a recovery by the plaintiff in this case.

There may be other questions; but there is no point in discussing them in advance of the taking of evidence. It is sufficient that questions of fact and questions of law which they involve should be determined before judgment is entered. We indicate no opinion as to any fact or any conclusion of law in the case.

Reversed and remanded.