Marvin **CARTER** and Clarence Carter,
Appellants (Plaintiffs below),

v.

Fred **DAVISON**, Robert Hayden and Harris
Swartz, Appellees (Defendants below).

No. 2912.

Supreme Court of Wyoming.

Feb. 28, 1961.

Rehearing Denied May 3, 1961.

R. G. Diefenderfer, Sheridan, for appellants.

John P. Ilsley, Gillette, for appellees.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Marvin and Clarence Carter brought an action for malicious prosecution against Fred Davison, Robert Hayden, and Harris Swartz, alleging that some time between January 19, 1957, and February 27, 1957, the defendants unlawfully, maliciously, and without probable cause conspired together to injure plaintiffs and that in accordance therewith Davison on February 27 made a criminal complaint against the Carters for the unlawful branding of a cow. The second amendment petition [1] recited, inter alia, that the Carters were arrested; waived preliminary examination; were bound over to the District Court of Campbell County, where on an information they were later tried and by a directed verdict were found not guilty; and all of the proceedings relating to the warrant and arrest were publicized and caused the Carters serious damage. Defendants filed a motion for summary judgment under Rule 56, Wyoming Rules of Civil Procedure, together with an affidavit of the Campbell County sheriff which alleged various facts concerning his part in the matter. The trial court granted the motion and entered judgment for defendants (approved as to form by plaintiffs), reciting among other things that "by stipulation of the parties hereto the facts submitted in the Second Amended Complaint [Petition], coupled with the affidavit filed by the defendants with the motion for summary judgment, constitute all of the facts in this matter, and that there is no .genuine issue as to any material fact, and that the facts as shown by these pleadings are undisputed."

Prior to the hearing in this court the parties stipulated that Fred Davison died on May 31, 1959, that the action herein abates as to Davison, and that defense

---

1. Motion to dismiss the petition and the amended petition were sustained by the court and in each instance plaintiffs filed amendments.

counsel should request this court to terminate the action. In accordance with said stipulation and defendants' motion relating thereto, the cause against Davison is hereby dismissed.

■ Plaintiffs say, and we agree, that the sole point of issue in the appeal is whether want of probable cause is shown in the petitions. Of course, the petition and the amended petition are not subject to attack in the appeal. Elliott, Appellate Procedure (1892), pp. 510, 511,[2] states the rule succinctly:

> "It requires no discussion to prove that if a party amends his pleadings in the trial court he can not successfully allege error on the rulings made upon the pleadings supplanted by the amendment. If a party desires to appeal from rulings declaring his pleadings bad he must stand upon his original pleading. If he amends his pleading it goes out of the record."

Accordingly, the issue here is the effect of the second amended petition, hereafter called the petition, in stating the absence of probable cause, notwithstanding the assertion therein that there had been a waiver of preliminary hearing in the criminal proceedings.

Argument is advanced as to the effect on probable cause of a justice binding over a defendant after hearing. Although the law on this subject is of interest only by way of analogy, it merits some discussion. The controlling Wyoming case on this point is Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300, which turns upon the failure of plaintiff to allege facts avoiding the pleaded defense of a binding over by the magistrate and holds basically that an accused's being bound over is prima facie, but not conclusive, evidence of probable cause to be overcome only by evidence that the action of the magistrate was obtained by false testimony or other improper means. This rule has been adopted in certain Fed-

eral holdings and in Florida, New York, and Rhode Island. Annotation, 68 A.L.R.2d 1168, 1190. At page 1173 of this annotation it is stated:

> "It is a general rule, at least by the numerical weight of authority, that while an order committing, binding over, or holding an accused person for further proceedings is prima facie evidence of probable cause for the institution of the prosecution in which it is made, its effect as such may be overcome by the accused as plaintiff in an action for malicious prosecution against the complaining witness by producing evidence which, if believed, would show want of probable cause."

■ Plaintiffs' principal contention is that the waiver of the preliminary examination by the Carters was not even prima facie evidence of an admission of probable cause for the criminal prosecution. This position does not seem to be in accord with the general rule; but as the following texts, encyclopedias, and cases indicate, there is not entire unanimity of viewpoint on the subject.

> " * * * where the accused is committed or held to bail by a magistrate * * * it is evidence that there was probable cause for the prosecution. It is very often said that this establishes a 'prima facie' case; but since the plaintiff has the burden of proving lack of probable cause in any case, and is free to do so, this apparently means nothing more than that the commitment is important evidence on the issue. The same effect is given to a commitment where the accused has waived the preliminary examination. * * *" Prosser, Torts, 2d ed., p. 657.

> " * * * A waiver of examination by the accused is an admission of the existence of probable cause, but is only *prima facie* evidence thereof. * * *" 1 Cooley, Torts, 4th ed., pp. 398, 399.

2. Approved by this court in Arp & Hammond Hardware Co. v. Hammond Packing Co., 33 Wyo. 77, 236 P. 1033. And

see King v. Giblin, 36 Wyo. 448, 256 P. 1035.

"While the waiver of a preliminary examination and the giving of bail for appearance do not constitute such an admission of guilt as will preclude the party from sustaining an action for malicious prosecution, they have been held to raise a prima facie presumption of probable cause for the prosecution or to constitute prima facie evidence thereof, although it is not conclusive; the presumption may be overcome by competent evidence on the trial. However, it has also been held that such waiver constitutes in no degree, not even prima facie, a showing or admission of probable cause." 54 C.J.S. Malicious Prosecution § 34c (1948).

"Anything appearing of record in the proceedings against the plaintiff which may be construed as an admission either of his guilt or of there being probable cause for his prosecution is admissible against him. Accordingly, it may be shown that the plaintiff voluntarily waived an examination and entered into a recognizance for his appearance to answer the charge. * *" 34 Am.Jur. (1941) Malicious Prosecution § 152.

In Leggett v. Montgomery Ward & Co., 1949, 10 Cir., 178 F.2d 436, 438, a case arising in this State, Judge Bratton stated unequivocally:

"* * * the waiving of preliminary examination was tantamount in law to a finding of the magistrate that there was sufficient cause to believe plaintiff guilty. It was the equivalent to a hearing, a finding of probable cause, and a resulting holding of plaintiff to the district court. * * *"

Perhaps the case which has caused most discussion is Vansickle v. Brown, 1878, 68 Mo. 627, where it is said at p. 637:

"* * * If the finding of the magistrate on the facts proved before him makes a *prima facie* case, surely waiving an examination and voluntarily entering into recognizance amounts to a confession by the accused that there is probable cause. * * *"

Such holding so far as we are aware has not been adopted elsewhere and has since been tempered in Missouri. In Campbell v. Myers, 1926, 221 Mo.App. 858, 287 S.W. 842, 845, the court said:

"The waiving of a preliminary hearing, while constituting prima facie evidence, may not be accepted as a confession of guilt, and, being only a presumption, may be overcome by evidence. * * *"

A leading case in Oregon, Hess v. Oregon German Baking Co., 1897, 31 Or. 503, 49 P. 803, held that the effect of a waiver of preliminary examination can be nothing more than an admission that there is sufficient cause for holding the accused to answer and that this is the only result which could flow from an examination. Such case is currently recognized in that State as shown by Drake v. Anderson, 1959, 215 Or. 291, 334 P.2d 477.

Ohio applies the rule which the court in Burke v. Kearney, 1935, 51 Ohio App. 287, 200 N.E. 649, 653, quotes from 25 Ohio Jurisprudence 944:

" 'Waiving of examination before the justice of the peace is also prima facie evidence of probable cause.' "

West Virginia recognizes the rule that the waiver by the accused of a preliminary examination is prima facie evidence of probable cause. Brady v. Stiltner, 1895, 40 W.Va. 289, 21 S.E. 729.

North Carolina follows the rule that the waiver of preliminary examination by a person arrested on a criminal charge constitutes prima facie evidence of probable cause. Jones v. Wilmington & W. R. Co., 1902, 131 N.C. 133, 42 S.E. 559; Bryant v. Murray, 1953, 239 N.C. 18, 79 S.E.2d 243.

An Illinois court said that the waiver of a preliminary examination "should have no more influence than would the finding of the magistrate, upon a hearing of the evidence, that there was probable cause, and binding the party over for his appear-

ance, or committing him." Schoonover v. Myers, 1862, 28 Ill. 308, 312, 313.

In New York the courts have passed upon the question in various aspects a number of times, and it is of interest to note the tenor of the holdings, bearing in mind the court or department of the appellate division from which the decision emanated.

One of the earlier cases, Stern v. Rindeman, 1st Dept. 1936, 247 App.Div. 345, 287 N.Y.S. 412, 413, in determining whether or not a malicious prosecution complaint was sufficient, stated:

" * * * The holding [of the plaintiff] by the magistrate and waiver of examination was prima facie a finding of probable cause. * * *"

In Hodge v. Skinner, 3d Dept. 1938, 254 App.Div. 42, 4 N.Y.S.2d 406, 409, 410, it was said:

"When a magistrate, after he has examined into a charge of crime pending before him * * * and after he has found that a crime has been committed, and 'that there is sufficient cause to believe the defendant guilty thereof,' this finding of the magistrate constitutes, prima facie, probable cause for the making of the charge. And it is no longer open to question in this state that such a finding is a defense, prima facie, to an action for malicious prosecution against the informant. * * * But there is no authority in this state holding that the exercise of the election given by section 190 of the Code of Criminal Procedure [to waive the examination and give bail] is a confession or an admission of culpability, or any proof whatever of probable cause for initiating the prosecution. * * *"

In Vallon v. Ramage, Sup.Ct.1949, 196 Misc. 740, 93 N.Y.S.2d 56, 61, it was held that the waiver of examination before the magistrate "did not establish prima facie evidence of probable cause."

In Armstrong v. Mishkin, 2d Dept. 1955, 286 App.Div. 864, 141 N.Y.S.2d 884, 885, it was held by the majority opinion, relying upon Hodge v. Skinner, supra, and

Vallon v. Ramage, supra, that "the mere waiver of examination before a committing magistrate, who has not power to determine guilt or innocence of the charge made against a defendant, is not tantamount to an admission that a crime has been committed and that there is sufficient cause to believe he is guilty." However, Judge Beldock presented a strong dissent, saying at 141 N.Y.S.2d 886 that "The waiver of examination was tantamount in law to a finding of the magistrate that there was sufficient cause to believe the defendant in that proceeding guilty. It was the equivalent of a hearing and constituted prima facie evidence of probable cause."

In Jones v. Independent Fence Co., Sup. Ct.1958, 12 Misc.2d 413, 173 N.Y.S.2d 684, 687, it was held on authority of cases previously mentioned that where "the defendant waives examination before the magistrate, such waiver does not establish prima facie evidence of probable cause."

Small wonder that Judge Kaufman in Kozlowski v. Ferrara, D.C.S.D.N.Y., 117 F.Supp. 650, 653, said:

" * * * There is apparently a conflict in the lower courts in New York over the question of waiver as equivalent to a finding of probable cause which bars actions for malicious prosecution and false arrest [citing Stern v. Rindeman, supra; Hodge v. Skinner, supra; and Vallon v. Ramage, supra]. * * *"

It is true, as plaintiffs contend, that Judge Kaufman held the waiver of hearing before a committing magistrate on a criminal charge to be at most prima facie evidence insufficient to destroy the general averment of want of probable cause. However, it should be further noted that he continued, "There is not before me a motion for summary judgment."

From the cases above cited, which we think are representative of the holdings in various jurisdictions, it seems clear that the majority—the only exception being some of the lower courts in New York—have held that in actions for malicious pros-

ecution the waiver of a preliminary hearing by a defendant in a criminal matter constitutes prima facie evidence of probable cause. This majority view is logical and fair and merely requires that a reasonable explanation be made to the court that there has in fact been a malicious prosecution notwithstanding the appearance to the contrary.

Plaintiffs were advised by the trial court at the time of the argument of the motion for summary judgment that in the view of the judge the petition stated no issue of fact and any references in the petition to the absence of probable cause were conclusions rather than facts. Plaintiffs nevertheless insisted that under the Wyoming Rules of Civil Procedure they were entitled to plead in a short and plain form, that when they pleaded defendants' knowledge that the criminal charge against the Carters was false and that defendants had conspired together to file the criminal complaint for the fraudulent purpose of deceiving the justice they had stated ultimate facts upon which they were entitled to stand. We do not find any support for this contention and none is cited.

■ Under Penton v. Canning, supra, enunciating the principle which we think is applicable in the instant situation, it was here essential to a cause of action that the plaintiffs' pleading contain averments showing fraud or other improper means of procuring the waiver of preliminary hearing. Since plaintiffs' petition made no allegation that their waiving of preliminary examination resulted from improper means, it becomes unnecessary to discuss plaintiffs' argument that they were entitled to make a short and plain statement of their claim in simple, concise, and direct averments under Rule 8(a) and (e), Wyoming Rules of Civil Proocedure, and that under Rule 9(b), Wyoming Rules of Civil Procedure, malice, intent, knowledge, and other conditions of mind may be averred generally.

Plaintiffs urge that the affidavit of the sheriff did not refute or deny any of the allegations of the petition. However, this is of no importance since a motion for summary judgment may be made wholly on the pleadings. Reynolds v. Needle, 77 U.S. App.D.C. 53, 132 F.2d 161; 6 Moore's Federal Practice, 2d ed., p. 2063.

The philosophy expressed by Judge Cardozo long before the adoption of the Federal rules is as effective now as it was on the day of its pronouncement and has often been quoted in connection with interpretations under Rule 56, 28 U.S.C.A.:

> " * * * The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial. * * * " Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 111, 45 A.L.R. 1041.

In discussing the subject, the court in Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 877, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483, said:

> "Rule 56 is a procedural device for the disposition of cases in which there is no material issue of fact and its purpose is to eliminate the formal trial of cases where only questions of law are involved."

The petition in this case charged a wrong against defendants but it also contained a statement of the waiver of a preliminary hearing which under the law applicable in this jurisdiction was a prima facie defense against the wrong charged. If Rule 56 is to be meaningful, the parties at that stage are obligated to present to the court sufficient facts either by pleading or otherwise which would show that there is a material issue of fact to be tried.

Plaintiffs have pointed out that under §§ 7–155 to 7–179, inclusive, W.S.1957, there is no provision for any action to be taken by a justice of the peace when a preliminary hearing is waived and that upon defendant's waiving preliminary examination the case automatically stops and it evolves upon the county and prosecuting attorney

to promptly file an information in the district court charging defendant with the offense with which he is accused. It is not stated, but it would seem to be implied by this argument that a person charged with a crime could upon his waiver of a preliminary examination be free to go at large without further restraint unless again arrested. No authorities are cited either for the direct contention or the implication, and we do not think a discussion of the matter is necessary. Suffice to say that the statutes regarding the duties of the prosecuting attorney and the justice of the peace, although not as explicit as those in some states, read together have apparently been interpreted for many years as basis for the procedure whereby a person charged with a felony was retained under the jurisdiction of the justice of the peace until released for lack of probable cause or until taken into custody by the authorities under the jurisdiction of the district court. This would seem to be implied under the provisions of § 7–123, W.S.1957.

The summary judgment entered by the trial court stated inter alia that "as a matter of law the facts as exhibited by the Amended Complaint, Motion and Affidavit, constitute probable cause, and judgment should be entered for defendants." The record shows correspondence between court and counsel disclosing various matters which inclined the court to the holding that on the facts presented Davison had reason to believe plaintiffs to be guilty of the crime charged and that probable cause for the issuance of the complaint therefore existed. While it may be debatable that such a view was warranted, the summary judgment is not thereby rendered improper. It is the law of this State that an accused's being bound over is prima facie evidence of probable cause to be overcome only by evidence that the action of the magistrate was obtained by false testimony or other improper means. We think this rule is applicable to a situation in which the binding over is a result of a defendant having waived his right to preliminary examination, the duly recognized means of determining whether a crime has been committed and whether there is probable cause to believe the defendant guilty of the offense.

In the instant situation plaintiffs did not plead or show that their waiving of preliminary examination was brought about by fraud or other improper means and accordingly the petition did not state a cause of action.

"* * * if the pleadings or other proof of either of the parties disclose that no real cause of action or defense exists, the court may determine that there is no issue to be tried by a jury and may grant a summary judgment." Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., supra, 137 F.2d at page 877.

Affirmed.

McINTYRE, J., not participating.

BLUME, Chief Justice.

In view of my dissenting opinion in Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300, I should, perhaps, add a note. That case has been the law of this state for many years and is binding upon me as well as on everyone else until or unless overruled, and there is no majority of this court willing to do that, and I am not saying that it should be overruled. I can see no difference between the effect of a situation in which an accused waives preliminary examination and a situation in which the accused is bound over after evidence has been introduced before the justice of the peace. Hence I concur in the opinion of Mr. Justice PARKER.

Mr. Justice HARNSBERGER.

The court's opinion says plaintiffs' principal contention is that waiver of preliminary examination is not even prima facie evidence of an admission of probable cause. I fail to find a single word in plaintiffs' brief or in their oral argument which warrants that conclusion. In fact, appellants' brief and most of the authorities cited by them accept the premise that such a waiver is prima facie evidence of probable cause.

Kozlowski v. Ferrara, D.C.N.Y., 117 F.Supp. 650; Bryant v. Murray, 239 N.C. 18, 79 S.E.2d 243; Raleigh & Heidenheimer Bros. v. Cook, 60 Tex. 438; Hess v. Oregon German Baking Co., 31 Or. 503, 49 P. 803; 54 C.J.S. Malicious Prosecution § 34(c), p. 996. Furthermore, appellants cite the dissenting opinion in Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 1012, 138 A.L.R. 300, which forcefully contends that even where a preliminary examination is had, a finding of probable cause is only prima facie evidence of that fact.

The real contention of appellants is that a waiver of preliminary examination is, at most, nothing more than prima facie evidence of probable cause. This position is supported by the very authorities relied upon in the majority opinion. None of those authorities, however, give support to the court's conclusion, the effect of which is to hold that waiver of preliminary examination is conclusive evidence, not merely prima facie evidence, that there was probable cause, and upon that premise justified the summary judgment against appellants, notwithstanding, under the admitted facts as pleaded, the minds of reasonable men may differ as to whether probable cause in fact existed.

Every fact pleaded in the second amended petition was admitted for the purposes of the motion for summary judgment, inasmuch as they were not challenged or otherwise attacked by the movants, and the uncontradicted statements in the sheriff's affidavit filed by defendants likewise stood admitted. Nothing else was before the court when it found there was no genuine issue of fact presented by the pleading and affidavit, and gave summary judgment against plaintiffs.

Let us examine the allegations of the second amended petition to ascertain if they rebut whatever inference may be drawn from the waiver of preliminary examination. Doing this, it is found plaintiffs alleged defendants had ill will against plaintiffs; that defendant Swartz had ridden upon and across plaintiffs' poorly fenced land where no one resided, but where plaintiffs' cattle were feeding, and then while at defendant Davison's place informed defendant Hayden that among plaintiffs' cattle there were a two-year-old Hereford cow and a lousy cow branded with the Davison brand; that the Hereford cow had a copper wire through its brisket, a marking used by plaintiffs; that the cattle were running free, uncontrolled and unconcealed and not hidden; that on January 19, 1957, Hayden and Swartz clipped the hair from several of the cattle found on plaintiffs' land and discovered two head of Davison cows; that both Hayden and Swartz knew no one resided upon the land where the cows were found; that Hayden informed Davison that plaintiffs' brand appeared to have been put on Hayden's cow about the month of June 1956; that none of the defendants had any evidence plaintiffs' brand had been put on the Hereford cow by plaintiffs, or that the cow had ever been in the possession or under the control of plaintiffs; that defendants were without any knowledge or evidence that plaintiffs placed or caused to be placed the plaintiffs' brand on the Hereford cow or that the cow was ever in their possession or control, but that defendants unlawfully, maliciously and without probable cause, conspired together to injure plaintiffs in their good name and credit by falsely accusing plaintiffs of the commission of a crime, to-wit, that of wilfully, maliciously and unlawfully branding a cow which was the property of Davison; and that the accusation was made to effectuate the conspiracy between the defendants, made with the defendants' knowledge the facts therein stated were false, and for the fraudulent purpose of causing the justice of the peace to believe they were true facts and to cause the justice of the peace to issue a criminal warrant upon the charge so made and cause the arrest of plaintiffs.

These are the allegations which the trial court and the court's majority evidently deem insufficient to raise a genuine issue of fact which could rebut the prima facie showing of probable cause supposed to arise from waiver of preliminary examination.

If, as pleaded, the criminal charge brought by defendants against plaintiffs was not only false, but was instigated by defendants through their ill-will toward plaintiffs and pursuant to defendants' conspiracy to defame plaintiffs by launching false criminal charges against plaintiffs when defendants knew such charges to be false, can it be said prima facie evidence of probable cause may not be overcome and refuted? Defendants did not contradict those allegations by the sheriff's affidavit or by other showing, and those allegations were specific and not conclusory or general. In Hryciuk v. Robinson, 213 Or. 542, 326 P.2d 424, 433, the court said:

> " * * * where it is shown by the evidence that the defendant in an action for malicious prosecution knew at the time that he accused another of crime and caused a criminal prosecution to be instituted against him that the accusation was false, the effect, as evidence, of a commitment by a magistrate, is overcome. As we said in Thienes v. Francis, 69 Or. 165, 169, 138 P. 490, 492, if the defendant 'has knowledge of facts which would exonerate the accused, he cannot justify his proceeding upon the criminal charge in an action for malicious prosecution.' * * *"

In Hess v. Oregon German Baking Co., 31 Or. 503, 49 P. 803, 804, it is said:

> " * * * the authorities are substantially agreed that such a finding is not conclusive, but only prima facie, evidence of probable cause, which may be overcome by competent evidence on the trial, * * *."

The same is true when the need for evidence to support the allegations of the second amended petition was obviated by the defendants' failure to challenge their truth or correctness by affidavit or other means in support of their motion for summary judgment. In consequence, the allegations in the second amended petition stood admitted for the purpose of the motion, as also were the statements in the sheriff's affidavit filed by defendants. While this left no issue of fact as to their verity, those very facts were disputatious of each other. On the one hand, the admission of waiver of preliminary examination is said to. be prima facie evidence of probable cause while the balance of the admitted allegations tended to strongly rebut and refute such prima facie showing. Whether the latter overcame the former presented a genuine issue of fact which was beyond the province of the court to determine upon a motion for summary judgment.

In Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, the court cautioned that summary judgment:

> " * * * should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. See Westinghouse Electric Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F.2d 139, 146; Wexler v. Maryland State Fair, 4 Cir., 164 F.2d 477. And this is true *even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.* Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Furton v. City of Menasha, 7 Cir., 149 F.2d 945; Shea v. Second Nat. Bank, 76 U.S.App.D.C. 406, 133 F.2d 17, 22. * * *" (Emphasis supplied.)

And in Avrick v. Rockmont Envelope Co., D.C.Colo., 64 F.Supp. 765, reversed 10 Cir., 155 F.2d 568, 573, it is said:

> " * * * where *no single factor controls the equation,* and the court is necessarily required to resolve the question of alleged intent in arriving at its judgment, we are of the opinion that justice can best be served by a trial of the question on its merits." (Emphasis supplied.)

Also in Winter Park Tel. Co. v. Southern Bell Tel. & Tel. Co., 5 Cir. 181 F.2d 341, the court noted that:

"The facts and circumstances, although in no material dispute as to their actuality, reveal aspects from which *inconsistent hypotheses might reasonably be drawn* and as to which the minds of reasonable men might differ." (Emphasis supplied.)

The court thereupon reversed the granting of summary judgment.

So, in the case before us, "the conclusions to be drawn", "the equation" to be reached, and the "inconsistent hypotheses" to be drawn between the prima facie showing of probable cause and the refuting and rebutting allegations, presented a genuine issue of fact which could only be properly resolved by a trial upon the merits.

Heretofore, in the face of a motion for summary judgment, a litigant has been entitled to rely upon his allegations which stood unchallenged and admitted. But the change the majority now make in what had virtually become elementary law, leaves pleading under the rules in an uncertain and chaotic condition. The effect of the ruling is to deny the right to plead any confession and avoidance or any similar matter, for its import is that if a fact is pleaded which standing alone admits liability, no additional facts may be pleaded to refute or rebut that liability.

The opinion lightly brushes aside Rule 9(b), Wyoming Rules of Civil Procedure, and completely misapprehends the import of plaintiffs' second amended petition by saying it was necessary for plaintiffs to allege fraud or that improper means had been practiced to procure waiver of preliminary examination, and that the failure to do this made inapplicable the provisions of Rule 8(a), Rule 8(e), and Rule 9(b), Wyoming Rules of Civil Procedure. Rule 8(a) and Rule 8(e) expressly authorize pleading by plain, simple, concise and direct averment. Such a requirement as that now made by the majority erects and blows down a straw man not meaningful in this law suit. In neither pleading, brief, nor argument, have plaintiffs contended they were induced by fraud or improper means to waive pre-

liminary examination. Such a charge of fraud is entirely foreign to any contention of plaintiffs and was never relied upon by them. The only fraud charged by the pleading was that which arose from accusing plaintiffs with crime when defendants knew the accusation was false.

The tenor of the second amended petition was that defendants, having knowledge of its falsity, maliciously charged plaintiffs with commission of a crime and that their action in so doing was in pursuance of a conspiracy to defame and injure plaintiffs. Averments of malice, intent, knowledge and also conspiracy as another condition of mind were all present in the pleading, and in addition the facts showing circumstances supporting those general allegations were pleaded in some detail. A trier of fact might well consider the facts so alleged as overcoming any prima facie evidence arising through waiver of preliminary examination. Had there been such a preliminary examination as was held in the Penton case, supra, where evidence was adduced and a finding made as a matter of fact that there was probable cause, it would have been necessary to overcome that adjudication to plead the finding was induced by fraud or some other improper means. In that event, under the provisions of Rule 9(b), the averments of fraud, et cetera, must be accompanied by allegations of the circumstances constituting such fraud, and it would be required that they be stated with particularity. In the instant case, however, there was no such adjudication which required a plea of fraud or other impropriety to overcome it. At the most there was only prima facie evidence of a fact yet to be adjudicated.

Rule 9(b) gives express sanction to charging malice, intent, knowledge and other conditions of mind by their general averment. Both judicial decision and text writers have accepted the plain meaning of the words used in such a rule. D'Allessandro v. Bechtol, 5 Cir., 104 F.2d 845, certiorari denied 308 U.S. 619, 60 S.Ct. 295, 84 L.Ed. 517; United States v. Schuchhardt, D.C.Ind., 48 F.Supp. 876; Id., D.C.

Ind., 49 F.Supp. 567; Mails v. Kansas City Public Service Co., D.C.Mo., 51 F.Supp. 562; 1A Barron and Holtzoff, Wright, Federal Practice and Procedure, Rules Ed., § 303, pp. 228–230.

The charge of conspiracy is not specifically included in the rule, although in its very nature conspiracy presupposes an arrangement, the proof of which, most generally, lies only in circumstantial evidence from which the fact may be fairly inferred. Conspirators do not frequently parade their nefarious purposes to or before others, nor are they usually careless or open in their negotiations to that end. Here the combination of facts related in the petition open wide the door to conclusions about which the minds of reasonable persons might well differ. This in itself presents a genuine issue of fact. Those who conclude such facts sufficiently prove there was a plan and purpose to conspire to falsely and maliciously defame plaintiffs, and that any prima facie evidence of probable cause was overcome by that conclusion, would be justified, by the circumstances alleged, if upon trial they were established.

In United States v. General Ry. Signal Co., D.C.N.Y., 110 F.Supp. 422, 425, it was said:

"Conspiracy, ordinarily, is not proved by direct evidence in the manner as is an action on a written contract. The very nature of conspiracy has its base in secrecy toward the party to be duped or the law to be evaded and can only be established by piecing together the fragments of evidence as to conduct, speech and writings of the parties to the conspiracy. Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610. * * *

"If movant should submit its case to this Court upon the affidavits and pleadings now before it on this motion, gross injustice might be done. The Court is not called upon to pass upon the facts here but only as to whether there is a genuine issue as to a material fact. Not all of the facts which a for-

mal trial would produce are before the Court and the Court has a slight doubt, at least, as to the facts. In such circumstance, this is not a proper case for summary judgment. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 474; Colby v. Klune, 2 Cir., 178 F.2d 872, 873."

In Fletcher v. Colorado & Wyoming Railway Co., Colo., 347 P.2d 156, 160, the Supreme Court, in an action where motion to dismiss was granted, noted the court would view the complaint in its most favorable light and consider as admitted all matter well pleaded. The court then reversed the lower court for dismissing the complaint which, although containing a minimum of facts and an abundance of legal conclusions, did state the defendants through fraud, *conspiracy*, lack of due diligence, good faith and honesty, failed to fulfill defendant's duty to the complainant, and said:

"* * * The facts so pleaded state a claim upon which, if proved, the plaintiff would be entitled to recover, hence the complaint is not subject to a motion to dismiss. * * *"

See also Western Homes Inc. v. District Court, 133 Colo. 304, 296 P.2d 460.

The majority opinion says:

"* * * If Rule 56 is to be meaningful, the parties at that stage are obligated to present to the court sufficient facts either by pleading or otherwise which would show that there is a material issue of fact to be tried."

In the absence of other enlightenment, the words "that stage" are understood to refer to filing of the motion for summary judgment. Just what portion of Rule 56 is to be made "meaningful" by obligating a party to present to the court sufficient facts, either by pleading or otherwise, which show there is a material fact to be tried, is not specified. The only part of Rule 56

found which requires any affirmative action by a party whose pleading is attacked by motion for summary judgment is Rule 56 (e), which is as follows:

"(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Plaintiffs did not file any affidavits. The only affidavit filed by defendants did not suggest any new matter requiring further specification of facts. It merely reiterated matters alleged in the second amended petition. In consequence, the sheriff's affidavit was not such an affidavit as was contemplated by Rule 56(e) to require further pleading, because it did not contradict, challenge, modify, explain or otherwise affect matter pleaded by plaintiffs or otherwise raise matter not already dealt with in the pleading. In other words, it did not add to nor detract from plaintiffs' pleading, and, hence, the motion for summary judgment was not "supported as provided" in Rule 56(e). Therefore, Rule 56 is inapplicable in this case, and plaintiffs were not obligated to additionally plead or otherwise present additional facts to those already alleged in detail in their petition. As was aptly said in Fugate v. Mayor and City Council of Town of Buffalo, Wyo., 348 P. 2d 76, 81, where Rule 56(e), Wyoming Rules of Civil Procedure, was discussed:

"In the case at bar, there were no supporting affidavits on behalf of the movant for a summary judgment and, hence, Rule 56(e) has no application in the case. In fact, we have not been able to conjure up any facts, in addition to those set forth in the agreed statement of facts, which appellees could have set up in an affidavit so as to make Rule 56(e) applicable herein. * * *"

So, in this case, there were no affidavits which made any part of Rule 56 applicable except that it authorizes the motion for summary judgment.

In Griffith v. William Penn Broadcasting Co., D.C.Pa., 4 F.R.D. 475, 477, 478, the defendant filed an answer denying the conspiracy alleged by plaintiff. Plaintiff filed a motion for summary judgment and in support filed the deposition of defendant's general manager. The court said, "A close examination of the deposition offered by plaintiff reveals nothing to indicate that any of these fact issues are not genuine", and then concluded:

"Defendant's failure to file a counter-affidavit to support its opposition to the motions is of no significance. United States v. Newbury Mfg. Co., D.C.Mass., 1 F.R.D. 718. The burden rests upon plaintiff, the moving party, to establish the nonexistence of a genuine issue of fact. Walling v. Fairmount Creamery Co., 8 Cir., 139 F.2d 318. In the absence of a showing in the pleadings and deposition that, in the event the case should go to trial, there would be no competent evidence to support findings of fact in defendant's favor, plaintiff has not met his burden. Beidler & Bookmyer, Inc., v. Universal Ins. Co., 2 Cir., 134 F.2d 828."

Similarly in the instant case, the sheriff's affidavit filed by defendants as the sole support of their motion for summary judgment

revealed nothing to indicate the fact issue, presented by prima facie evidence of probable cause and the allegations of the second amended petition which tended to overcome that prima facie showing, was not genuine.

In Albert Dickinson Co. v. Mellos Peanut Co., D.C.Ill., 81 F.Supp. 626, reversed 7 Cir., 179 F.2d 265, 268, the court held that where defendant moved for summary judgment presenting an affidavit and other exhibits, the failure of plaintiff to file counter-affidavits did not justify summary judgment when the affidavit of movant added nothing to prove or establish the allegations and denials of the answer.

In United States v. Newbury Mfg. Co., D.C.Mass., 36 F.Supp. 602, motion denied 1 Cir., 123 F.2d 453; Id., D.C.Mass., 1 F. R.D. 718, 719, the court flatly said a failure to file counter-affidavits does not entitle the movant for summary judgment to have the motion granted. The holding in Bowdle v. Automobile Ins. Co. of Hartford, D.C.Del., 11 F.R.D. 148; Id., D.C.Del., 99 F.Supp. 161, 162, is the same.

The lower court was entitled, and in fact duty bound, to consider and give attention to *all* matters set forth in the pleading and affidavit. If that had been correctly done, the court could have discovered the presence of the genuine issue of fact arising from the so-called prima facie evidence resulting from the waiver, and the contradiction of that prima facie evidence which was shown by the specific facts pleaded in rebuttal.

There is no disagreement with the quoted excerpt from Judge Cardozo in Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 111, 45 A.L.R. 1041, nor with the quote from Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 877, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483, relative to Rule 56. But neither of these statements has any bearing in this case for the very plain and simple reason that the second amended petition attacked by the motion for summary judgment had already and with certainty pleaded specifically the very facts relied upon to overcome, rebut and refute any inference or prima facie evidence to be imputed by plaintiffs' having waived their preliminary examination.

The Chief Justice sees no difference between the effect of a situation in which an accused waives preliminary examination and a situation in which the accused is bound over after evidence is introduced before the justice of the peace.

The important, and in fact the controlling, difference lies in the fact that in the former case a tribunal has made no finding of fact upon evidence before it. In the latter case, however, the magistrate is vested with authority to make a finding of fact *upon evidence adduced* before that tribunal.

Although the facts to be found and adjudicated by the justice of the peace do not determine the guilt or innocence of the accused, this does not in any way detract from the authority and function of that officer as a fact-finding tribunal, created by constitution and statute, to make the factual determinations of whether there is before him sufficient evidence that a crime has been committed and if so that the accused is the person *probably* guilty of the commission of that crime. If we are to be consistent in this court when reviewing such findings of a magistrate as a trier of fact, we should only inquire if he had before him any substantial evidence which would support his determination, and we should refuse to substitute our own judgment for that of the trier of fact. It was upon that principle of appellate law and procedure the decision in the Penton case, supra, was reached. However, where preliminary examination is waived, no evidence is given before the justice of the peace and no finding of any fact is made.

The casual discounting by the majority of the well considered New York holdings that waiver of preliminary examination is not even prima facie evidence of probable cause is not at all convincing nor even per-

suasive. On the other hand, the clear distinction between a binding over after waiver of preliminary examination and a binding over after hearing is shown in Jones v. Independent Fence Co., 12 Misc.2d 413, 173 N.Y.S.2d 684.

In the adversary system prevailing in the United States, and under federal and state constitutions as well as statute law, every person accused of crime is presumed innocent until guilt is established *by due process*. It is a most important part of due process that the presumption of innocence accompanies an accused from the moment of his arrest and detention until final conviction. Notwithstanding this, the majority now rule this abiding presumption of innocence may be annulled even before trial when an accused merely exercises a right expressly given him by a statute of this State, namely, to waive preliminary examination, as stated in § 7–124, W.S.1957:

> "No information shall be filed against any person, for any felony until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, and shall have been held for trial by such court or officer, *unless such person shall have waived* his right to such examination; * * *." (Emphasis supplied.)

So now we find the frailty of our much vaunted presumption of innocence and learn it falls easily before a prima facie presumption of probable guilt. We need go but one step further and require an accused to prove his innocence to completely abrogate constitutional protection.

It seems anomalous that even when an accused stands mute upon arraignment, the presumption of his innocence abides with him and a plea of not guilty is entered in his favor, yet when he waives a right which the law expressly gives him, he confesses there is probable cause to believe him guilty.

The summary judgment should be reversed.

Rehearing denied; HARNSBERGER, J., dissenting.